**ANCHORAGE SCHOOL DISTRICT, Appellant,**

v.

**ANCHORAGE DAILY NEWS, Appellee.**

No. S–3148.

Supreme Court of Alaska.

Sept. 1, 1989.

Kermit E. Barker, Jr., Lane, Powell & Barker, Anchorage, for appellant.

D. John McKay, Middleton, Timme & McKay, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON, and MOORE, JJ.

## OPINION

BURKE, Justice.

This appeal presents two questions. The first is whether Alaska's public records disclosure statutes, AS 09.25.110–09.25.120, require a municipal school district to produce for public inspection documents settling a school district lawsuit, despite the district's agreement to keep the settlement terms confidential. The second question is whether the plaintiff below may obtain the relief it seeks while there remains outstanding a United States District Court order prohibiting disclosure of the settlement

terms, obtained after entry of the superior court judgment which is the subject of this appeal.

## I. FACTS AND PROCEEDINGS BELOW

In 1985, the Anchorage School District sued W.R. Grace & Co. for damages equal to the cost of removing and replacing fireproofing installed in an Anchorage high school. Although the action was filed in superior court, Grace removed the case to the United States District Court for the District of Alaska, based on diversity of citizenship.

In December 1988, a reporter for the Anchorage Daily News learned that the parties had agreed to settle. School district officials, however, refused to provide the reporter with copies of the settlement documents, because the settlement agreement contained a confidentiality provision. The Daily News sued the school district in superior court, seeking declaratory and injunctive relief granting access to the settlement documents.[1] On December 13, 1988, the superior court ordered the district to disclose the terms of the settlement agreement. Following entry of final judgment, the school district filed this appeal. The superior court stayed enforcement of its production order pending the announcement of our decision.

While the appeal was pending, Grace filed a motion in the United States District Court for an order sealing the settlement documents. Grace did not disclose to the federal court the existence of the state court judgment, or the fact that there was an appeal pending in this court. On January 20, 1989, United States District Court Judge H. Russel Holland ordered that the terms of the settlement not be disclosed.[2]

This court and the Daily News first learned of the federal protective order when the school district appended a copy of the order to its reply brief. We permitted the Daily News and the school district, thereafter, to submit supplemental briefs on the effect of the federal court's order.

On February 16, 1989, following oral argument, we issued an order affirming the decision of the superior court. We instructed the court, however, not to enforce its judgment unless and until the United States District Court vacates or modifies its protective order.

## II. THE PUBLIC RECORDS DISCLOSURE STATUTES

The school district argues that it should not be required to produce the settlement documents because the confidentiality agreement was material to the settlement. According to the district, public interest in promoting settlements, coupled with the need for efficiency in conducting government business, outweighs the public interest in disclosure.

Alaska's public records disclosure statutes[3] apply to records maintained by municipalities. *City of Kenai v. Kenai Peninsula Newspapers*, 642 P.2d 1316, 1318–23 (Alaska 1982). In general, they provide broad public access to municipal

---

1. Grace accepted the school district's tender of defense of the public records act claim.

2. The school district did not oppose Grace's motion.

3. AS 09.25.110 provides:
   Unless specifically provided otherwise the books, records, papers, files, accounts, writings, and transactions of all agencies and departments are public records and are open to inspection by the public under reasonable rules during regular office hours. The public officer having the custody of public records shall give on request and payment of costs a certified copy of the public record.
   AS 09.25.120 provides in part:

Every person has a right to inspect a public writing or record in the state, including public writings and records in recorders' offices except (1) records of vital statistics and adoption proceedings which shall be treated in the manner required by AS 18.50; (2) records pertaining to juveniles; (3) medical and related public health records; (4) records required to be kept confidential by a federal law or regulation or by state law. Every public officer having the custody of records not included in the exceptions shall permit the inspection, and give on demand and on payment of the legal fees therefor a certified copy of the writing or record, and the copy shall in all cases be evidence of the original.

"books, records, papers, files, accounts, writings, and transactions." AS 09.25.110. The question whether a municipality must disclose a particular document is resolved by balancing the fundamental public interest in disclosure against the municipal interest in confidentiality.[4] *City of Kenai*, 642 P.2d at 1323. In recognition of the fundamental nature of the public right to know, the municipality has the burden of proving that the record should not be disclosed. *Id.* Exceptions to the statutory disclosure requirements are narrowly construed. *Doe*, 721 P.2d at 622. Doubtful cases are resolved by permitting public inspection. *City of Kenai*, 642 P.2d at 1323.

██ We recognize the important public policy served by those measures which encourage settlement. *See, e.g., Alaska Airlines v. Sweat*, 568 P.2d 916, 930 (Alaska 1977); *Interior Credit Bureau v. Bussing*, 559 P.2d 104, 106 (Alaska 1977). We recognize also that some litigants are unwilling to settle unless the terms of settlement remain confidential, and that a municipality's inability to assure confidentiality may, therefore, adversely affect its ability to negotiate a settlement. Nevertheless, the specific statutory provisions upon which the Daily News relies reflect a policy determination favoring disclosure of public records over the general policy of encouraging settlement. *The people of this state, through their elected representatives, have stated in the clearest of terms that it is more important that they have access to this type of information than that it remain confidential.* Thus, we hold that a public agency may not circumvent the statutory disclosure requirements by agreeing to keep the terms of a settlement agreement confidential. Under Alaska law, a confidentiality provision such as the one in the case at bar is unenforceable because it violates the public records disclosure statutes.[5]

## III. THE FEDERAL PROTECTIVE ORDER

The school district argues that the federal court's protective order deprives us of jurisdiction over the Daily News' public records act claim. The Daily News contends that we may affirm the decision of the superior court in its entirety, notwithstanding the conflicting federal order. Neither argument is entirely correct.

Federal and state courts often have concurrent jurisdiction and, as a general rule, try not to interfere with each other's proceedings. *Donovan v. Dallas*, 377 U.S. 408, 413, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964). Instead,

> [e]ach court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res judicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case.

*Kline v. Burke Constr. Co.*, 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922);

---

4. The court may also consider the interest of a third party in preventing disclosure. *Compare City of Kenai*, 642 P.2d at 1323–24 (privacy and reputation interests of persons whose employment applications were subject to the disclosure order entitled them to withdraw applications) *with Doe v. Alaska Superior Court*, 721 P.2d 617, 624 (Alaska 1986) (limiting executive privilege doctrine to exclude unsolicited public comments).

5. The school district also argues that the public meetings act, AS 44.62.310–44.62.312, authorizes confidential settlement agreements because it permits a public body to discuss in executive session matters "which would clearly have an adverse effect upon the finances of the government unit," AS 44.62.310(c)(1). The purpose of the open meetings act is to assure that government units transact business openly. The people have not delegated to their representatives the power to decide what the public may or may not know. AS 44.62.312(a)(2), (4). Assuming that the district may discuss a proposed settlement in closed session, the act specifically prohibits taking any action during executive session. AS 44.62.310(b); *see also City of Kenai*, 642 P.2d at 1326 n. 29. The open meetings requirement is intended to further the same purpose as the public records disclosure statutes, not to decimate it.

*see also Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1798, 26 L.Ed.2d 234 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions").

In certain instances, however, a state court must refrain from exercising its jurisdiction. In *Anchorage Daily News v. Anchorage Times Publishing Co.,* 631 P.2d 500 (Alaska 1981), we held that the superior court erred when it enjoined an arbitration proceeding scheduled by the United States District Court. Although the superior court had jurisdiction, under state law, to determine whether the parties had an arbitration agreement, it erred when it granted injunctive relief which interfered with the defendant's effort to obtain arbitration in a federal forum. *Id.* at 503–05. We viewed as "dispositive of the jurisdictional issue" the following statement by the United States Supreme Court:

> [A state court] is without power under the United States Constitution to interfere with efforts by [a litigant] to obtain arbitration in federal forums on the ground that [the litigant] is not entitled to arbitration or for any other reason whatsoever. [Such litigant] has an absolute right to present its claims to federal forums.

*Id.* at 504 (quoting *General Atomic Co. v. Felter,* 436 U.S. 493, 497, 98 S.Ct. 1939, 1941, 56 L.Ed.2d 480 (1978)).

■ In the case at bar, the Daily News sought a declaratory judgment that the settlement documents which ended the litigation in federal court were open to public inspection under state law.[6] The Daily News was not a party to the federal litigation and the federal court had not addressed the confidentiality issue when the superior court entered its judgment. Thus, we hold that the superior court had personal and subject matter jurisdiction. The court did not abuse its discretion in exercising its jurisdiction to determine that the Daily News had the right under state law to inspect the settlement documents. The court's declaratory judgment was, therefore, valid.[7]

Had Grace or the school district informed Judge Holland of the state court's judgment, he could have decided whether the substantive law of Alaska precluded him from ordering the settlement documents sealed.[8] Grace and the school district, however, induced Judge Holland to enter his order while still ignorant of the judgment.[9] We believe, nevertheless, that the principles discussed in *Anchorage Daily News v. Anchorage Times Publishing Co.,* dictate that the superior court not attempt to enforce that part of its judgment requiring production of the settlement documents, unless and until the federal protective order is vacated or modified.

The Daily News has moved to intervene in the federal case, asking Judge Holland to reconsider his decision. Accordingly, the federal court is now aware of the proceeding in state court. No doubt, it will be made aware of our decision as well. We are confident that Judge Holland will evaluate the Daily News' motions in light of all

6. AS 22.10.020(g) provides:
   In case of an actual controversy in the state, the superior court, upon the filing of an appropriate pleading, may declare the rights and legal relations of an interested party seeking the declaration, whether or not further relief is or could be sought. The declaration has the force and effect of a final judgment or decree and is reviewable as such. Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against an adverse party whose rights have been determined by the judgment.

7. A Civil Rule 54(b) judgment is final for purposes of res judicata. *Vertecs Corp. v. Reichhold Chemicals,* 671 P.2d 1273, 1275–76 (Alaska 1983); Alaska R.Civ.P. 54(b).

8. Federal jurisdiction in the litigation between Grace and the school district was based on diversity of citizenship. Therefore, Alaska law governed the substantive legal issues even though the case was removed to federal court. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78–80, 58 S.Ct. 817, 822–823, 82 L.Ed. 1188 (1938).

9. *See* DR 7–106(B)(1) (lawyer shall disclose "[l]egal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel").

applicable principles of law.[10]

The superior court's judgment is AFFIRMED, and the case is REMANDED with instructions to the superior court not to enforce its judgment requiring production, unless and until the federal protective order is vacated or modified.

---

**10.** After we issued the order affirming the decision below, Judge Holland permitted the Daily News to intervene in the federal case and vacated the June 20 protective order. Grace appealed to the United States Court of Appeal, Ninth Circuit, but dismissed the appeal when the circuit court refused to grant a stay pending appeal. The settlement documents were released for public inspection.