ANCHORAGE DAILY NEWS, Appellant,

v.

ANCHORAGE SCHOOL DISTRICT, Appellee.

No. S–3374.

Supreme Court of Alaska.

Dec. 7, 1990.

D. John McKay, Middleton, Timme & McKay, Anchorage, for appellant.

Kermit E. Barker, Jr., Stephanie D. Galbraith, Lane, Powell & Barker, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

In this appeal we hold that a public interest litigant is entitled to the full amount of its attorney's fees. We so hold despite whatever minimal private interest the litigant may have had in the outcome of its suit.

I

Following our decision in *Anchorage School District v. Anchorage Daily News*, 779 P.2d 1191 (Alaska 1989), the prevailing party, the Anchorage Daily News, moved for its costs and "full reasonable" attorney's fees, contending that "[t]he Daily News ... qualifie[d] as a public interest litigant." The school district opposed the motion, arguing that the Daily News was motivated to bring suit by economic self-interest.

The superior court "accepted" the argument that the Daily News was a public interest litigant, but awarded it only *part* of its attorney's fees, stating:

> The plaintiff is in the business of gathering news. It does so for the entirely proper purpose of publishing that news for profit. This profit takes many forms—from the rates paid by its readership, to its own editorial proclamation as society's crusading voice, to, it might even be supposed, its aspiration to a Pulitzer Prize for meritorious service in the cause of the public's right to know. There is no vice in any of these. Indeed most are praiseworthy. However, they benefit, they profit the Anchorage Daily News.
>
> ... The [c]ourt concludes that a significant part of the plaintiff's motivation to bring this action was commercial in nature and personal to itself, but in part accepts plaintiff's characterization of public interest litigation. For want of a more precise method of measure, the [c]ourt considers the motivations equal, and awards plaintiff one half the actual fees of $4,139, or $2069.50, as a prevailing public interest litigant. Applying the partial compensation rule at 40% to the balance of the fees actually incurred produces an additional $827.60, for a total fee award of $2,897.10.

This appeal followed.

II

We reject at the outset any suggestion that a newspaper engaged in litiga-

tion to obtain information for public dissemination is automatically a public interest litigant.[1] The facts of the particular litigation must be evaluated on a case-by-case basis to determine public interest status. Thus, we examine first the factors critical to this determination in the case at bar.[2]

▮▮▮▮ In general, a litigant must satisfy the following criteria to be deemed a public interest litigant:

(1) Is the case designed to effectuate strong public policies?

(2) If the plaintiff succeeds will numerous people receive benefits from the lawsuit?

(3) Can only a private party have been expected to bring the suit?

(4) Would the purported public interest litigant have sufficient economic incentive to file suit even if the action involved only narrow issues lacking general importance?

*Murphy v. City of Wrangell*, 763 P.2d 229, 233 (Alaska 1988). The school district implicitly concedes that the Daily News satisfies the first three criteria, but maintains all four criteria must be met to be a public interest litigant. We held accordingly in *Murphy*, where the purported public interest litigant satisfied three of the four criteria, but was, nevertheless, denied public interest status for having sufficient personal economic motive to bring suit. *Murphy*, 763 P.2d at 233; *see also Gold Bondholders Protective Council v. Atchison, Topeka & Santa Fe Ry.*, 658 P.2d 776, 778 (Alaska 1983) (public interest status denied where court concluded bondholders had substantial private economic motivation to bring suit).

In our earlier decision, we recognized the important public policy violated by the school district's refusal to disclose the terms of the settlement agreement:

> The people of this state, through their elected representatives, have stated in the clearest of terms that it is more important that they have access to this type of information than that it remain confidential. Thus, we hold that a public agency may not circumvent the statutory disclosure requirements by agreeing to keep the terms of a settlement agreement confidential. Under Alaska law, a confidentiality provision such as the one in the case at bar is unenforceable because it violates the public records disclosure statutes.

*Anchorage School District*, 779 P.2d at 1193 (emphasis deleted). It is clear, therefore, that the lawsuit filed by the Daily News vindicated an important public right;[3] the main reason for the litigation, and its primary accomplishment, was to compel the school district to disclose information required by law to be available to the public. Moreover, whatever private interest the Daily News might have had, economic or otherwise, was comparatively minor. Indeed, it is highly unlikely that the Daily News would have brought its suit "if the action [had] involved only narrow issues lacking general importance." *Murphy*, 763 P.2d at 233.

Given these circumstances, we conclude that the Daily News is, in this instance, a public interest litigant, and that the superior court abused its discretion in awarding it only part of its attorney's fees. Having qualified as a public interest litigant, the Daily News is entitled to the full amount of its attorney's fees, to the extent that they are otherwise reasonable.[4]

---

**1.** We also expressly reject the trial court's bifurcation of the public interest litigant analysis. We find no justification to create such a dichotomy. A litigant either satifies the requirements for being a public interest litigant, or does not.

**2.** We apply the abuse of discretion standard "in reviewing a trial court's finding that a litigant has a public interest status." *Citizens for the Preservation of the Kenai River, Inc. v. Sheffield*, 758 P.2d 624, 626 (Alaska 1988); *see also Mur-*

*phy v. City of Wrangell*, 763 P.2d 229, 233 (Alaska 1988).

**3.** There is no question that the documents were released solely because of the Daily News's efforts. *Cf. Public Law Education Inst. v. United States, Dep't of Justice*, 744 F.2d 181, 183–84 (D.C.Cir.1984).

**4.** The superior court concluded that some of the fees submitted were unreasonable. On remand, the superior court need only award the Daily

REVERSED and REMANDED for entry of an amended judgment.

MOORE, J., dissents.

MOORE, Justice, dissenting.

Because I find that the Daily News fails the fourth criterion set out in *Murphy*, I do not agree with the majority's holding that the Daily News is a public interest litigant.

The majority summarily concludes that the Daily News' economic interest in this litigation is "comparatively minor." On the record presented in this case, I do not see any justification whatsoever for the majority's conclusion.

The Daily News' submissions to the superior court fail to substantiate its claim that the commercial benefits of this litigation are minimal. The paper simply asserts that its status as public interest litigant is beyond reasonable dispute. It argues that it would never have brought this suit if it was only interested in financial gain because the costs of litigation outweigh any short-term increase in newsstand sales resulting from the school district story.[1]

This argument is unpersuasive. A newspaper's financial well-being depends on its circulation base and the paid advertisements generated by that circulation base, not on the 25 cent cover price. When a newspaper seeks access to information that is being kept from the public, it builds goodwill in the community and gains a competitive advantage. A newspaper with an image as champion of the public's right to know increases its circulation base and attracts more advertisers in the long-run.[2] Plain common sense dictates that this suit will have a direct impact on the paper's circulation base and future profits. Absent any evidence to the contrary,[3] it is impossible to conclude that the Daily News pursued this suit only to further the public interest.[4]

The superior court properly considered these long-term economic benefits in reaching its decision. It weighed the paper's commercial interest in its reputation[5] and found that the Daily News had a significant commercial motivation in bringing this suit. A trial court's determination of a litigant's public interest status will not be overturned unless it is "manifestly unreasonable." *Kenai Lumber Co. v. LeResche*, 646 P.2d 215, 222 (Alaska 1982). Thus any party challenging the superior court's decision in this regard has a heavy burden of persuasion. *Western Airlines, Inc. v. Lathrop Co.*, 535 P.2d 1209, 1217 (Alaska 1975). On appeal, the Daily News has not met its heavy burden of persuasion. The superior court's determination that the Daily News has a commercial interest in this litigation should be upheld and the paper should be denied public interest status.

In granting the Daily News public interest status, the majority applies the fourth criterion without reflecting on its purpose. The fourth criterion tests whether a liti-

---

News full *reasonable* attorney's fees. *Hunsicker v. Thompson*, 717 P.2d 358, 359 (Alaska 1986).

1. The Daily News calculates that it would have to sell 18,000 extra newspapers to recoup the costs of litigation.

2. This court should take judicial notice of the Daily News' television advertisements which claim that its circulation greatly exceeds that of its nearest competitor. Clearly the Daily News understands the commercial importance of a wide circulation base.

3. The Daily News offers no hard proof on this issue. It merely asserts:

   The fact that the news media, acting as surrogates for the public in pursuing access to information, must stay in business to do so and in fact attempt to operate at a profit as other businesses do, does not change the na-
   ture of the public-interested pursuit of such records and meetings. No *economic* interest can reasonably be argued ... that might have motivated the Daily News to proceed as it has below.

4. There is no reason to assume that newspapers are different than any other kind of business. Many large businesses routinely engage in public service activities to improve their public image. Often such businesses even run advertisements selling this image to the public. Like any form of advertising, such public service activities are an investment in future profits and a part of doing business.

5. The Daily News contends on appeal that reputational benefits are non-economic and thus legally irrelevant. This argument is without merit.

gant has a sufficient private interest in a suit to offset the deterrent effect of the costs of litigation. *Kenai Lumber Co.,* 646 P.2d at 223. In the past, we have been unwilling to award public interest status to litigants who are acting in their private interests and not on behalf of the public. *See Mobil Oil Corp. v. Local Boundary Comm'n,* 518 P.2d 92, 104 (Alaska 1974). In its analysis, the majority fails to appreciate the fact that the public importance of this litigation is directly tied to its commercial value to the newspaper. Thus the majority's rote application of the fourth criterion sidesteps the basic question of whether the litigation costs will, in fact, deter the newspaper from bringing similar suits. When the majority observes that "it appears highly unlikely that the Daily News would have brought its suit 'if the action [had] involved only narrow issues lacking general importance,'" it fails to reach the issue of deterrence.

The newspaper's economic interest in this litigation is not rendered insignificant simply because it is dependent on the public importance of the issues at stake. The Daily News has a significant economic interest in maintaining and increasing its circulation and advertising revenues. Given the record presented in this case, the Daily News has ample economic incentive to bring this suit despite the costs of litigation. Thus, the Daily News fails the fourth criterion and should be denied public interest status.

The Daily News is a profit-making enterprise. The costs of these suits are part of doing business and should not be subsidized by the taxpayer[6] as a matter of policy. The majority provides no adequate justification for creating what amounts to a special exception for newspapers (or any other news organization) by insulating their business motives from scrutiny under the fourth criterion. The majority's analysis guarantees a newspaper public interest status for virtually any suit that a newspaper is likely to bring. This is a Pandora's box that should not be opened. There are

better uses for public funds. The Daily News and other commercial news organizations should not be held to a less rigorous standard than the ordinary litigant.

For the above reasons, I respectfully dissent.

---

6. The state (and by extension the taxpayers) will always have to bear the full cost of defending these suits even when the newspaper loses.