**Daniel DeNARDO, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. S-5850.

Supreme Court of Alaska.

Dec. 23, 1994.

---

Daniel DeNardo, pro se.

Nancy J. Nolan, Asst. Atty. Gen., Anchorage, Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

MATTHEWS, Justice.

Daniel DeNardo claims interests in five islands which lie north of Siberia in the Arctic Ocean: Wrangel, Herald, Henrietta, Bennett and Jeannette. When he attempted to record these interests in the Nome recording district, the recorder refused to accept DeNardo's documents, taking the position that the islands are not within the Nome recording district.

DeNardo sued, seeking equitable relief and damages. He alleged that "[t]he State of Alaska being responsible for the designation of the recording district must designate a place of recordation for plaintiff's property rights as it has recorded other's [sic] property rights in the state of Alaska."

The State moved to dismiss, claiming that it lacks authority to designate recording districts for the Arctic Islands. The State's motion was granted. DeNardo appeals. We affirm.

The Arctic Islands are not located within the Nome recording district or any of the State's other thirty-three recording districts. Under AS 40.17.020(a), DeNardo's documents may not be recorded in any recording district in Alaska.[1] Moreover, the State has no duty to create a recording dis-

---

1. AS 40.17.020(a) states that "[a] conveyance that is eligible for recording ... may be recorded only in the records of the recording district in which land affected by the conveyance is located."

trict for the Arctic Islands, as it is not governing them. The question of sovereignty over the Arctic Islands is a subject committed to the executive and legislative branches of the United States government. *See United States v. Louisiana,* 363 U.S. 1, 35, 80 S.Ct. 961, 982, 4 L.Ed.2d 1096 (1960). Until and unless the United States government indicates that the Arctic Islands are part of the State of Alaska, the State has no duty to accept for recording documents affecting title to real property on the islands.[2]

■ DeNardo claims that his constitutional right to equal protection of the law has been violated. The State discriminated against him since in the past the Nome recorder has accepted documents of title concerning the Arctic Islands. This claim lacks merit. In accepting for recording documents concerning the islands, the State committed an administrative error. Neither the state nor federal constitutions require that this practice continue. *See State v. Reefer King Co., Inc.,* 559 P.2d 56, 65 (Alaska 1976) (stating that "an individual who claims that selective enforcement has deprived him or her of equal protection under the state constitution must show 'a deliberate and intentional plan to discriminate,' based upon some unjustifiable or arbitrary classification").

■ DeNardo claims that he was a public interest litigant; therefore, the award of $1200 in attorney's fees against him should be reversed. DeNardo is not a public interest litigant as he is seeking to further his own alleged interest in the Arctic Islands. He is motivated principally by private rather than public concerns. *See Anchorage Daily News v. Anchorage School District,* 803 P.2d 402, 404 (Alaska 1990) (articulating public interest litigant criteria).

AFFIRMED.

### APPENDIX

BE IT RESOLVED BY THE LEGISLATURE OF THE STATE OF ALASKA:

WHEREAS Alaskans and other Americans remain justifiably grateful for the fortitude shown by Captain Thomas Long and the crew of the whaling bark "NILE" from New London, Connecticut who, on August 14, 1867, were the first to confirm the existence of a 1,740 square mile island in the Chukchi Sea; and

WHEREAS Wrangel Island, named by Captain Long after the former governor of Russian Alaska Baron Ferdinand Petrovich von Wrangel, is located some 270 miles northwest of Cape Lisburne, Alaska and is larger than the State of Rhode Island; and

WHEREAS Captain Long was the first to sight and to describe Wrangel Island, and the first recorded landing on the island occurred August 12, 1881, when Captain Calvin L. Hooper, commander of the Bering Sea Patrol, a division of the U.S. Treasury Department and as such, the de facto governor of Alaska, landed at Clark River on the eastern coast of Wrangel Island and, with his fellow officers and John Muir (who later founded the Sierra Club) raised the American flag and took possession of the island in the name of the United States; and

WHEREAS Captain Hooper was engaged in a Congressionally sponsored effort to rescue the "JEANNETTE," a vessel engaged in Arctic research that was locked in ice floes and subsequently lost and therefore Captain Hooper had the authority to claim Wrangel Island for the United States; and

WHEREAS Wrangel Island became a part of the United States by right of confirmed discovery and first possession and, later, a permanent settlement; and

WHEREAS Wrangel Island and its nearby satellite island Herald Island were placed by the United States Coast and Geodetic Service within the District and later Territory and State of Alaska in publications from 1900 through 1977; and

WHEREAS the De Long Islands of Henrietta, Jeannette, and Bennett were first discovered in the East Siberian Sea

---

**2.** The historical basis for the United States' claim to the Arctic Island is set forth in Senate Joint Resolution No. 61 of the Second Session of the Fifteenth Alaska Legislature and appended hereto.

and were claimed and named by U.S. Navy Commander George W. De Long during his 1879–1881 expedition into the Arctic where the commander and his crew died when their ship, the "JEANNETTE," was crushed and sunk by ice floes; and

WHEREAS the first permanent settlement on Wrangel Island occurred when the American ship "SILVER WAVE" landed a party on the island on September 15, 1921, and raised the American flag over the island under the direction of Captain Jack Hammer; and

WHEREAS the party from the "SILVER WAVE" landed with provisions for only six months as they stated that they planned to sustain themselves by hunting; and

WHEREAS the relief vessel in 1922 was blocked by ice floes; and

WHEREAS when the relief vessel "DONALDSON" arrived on August 23, 1923, the only survivor of the 1921 expedition was an Eskimo seamstress named Ada "Blackjack" Johnson, who died just a few years ago in Alaska; and

WHEREAS a new party led by Charles Wells of Uniontown, Pennsylvania continued settlement on Wrangel Island; and

WHEREAS on May 13, 1924, Secretary of State Charles Evans Hughes stated that the American Lomen Brothers were the proprietary owners of Wrangel Island; and

WHEREAS on August 20, 1924, an armed party from the Soviet gunboat "RED OCTOBER" landed on Wrangel Island, took Wells and the other Americans by force, and told them they were being returned to Alaska; and

WHEREAS notwithstanding their promises, they took the Americans to Vladivostok and confiscated the pelts that the American trappers had accumulated during the 12 bitter months on the island; and

WHEREAS the Americans who survived their ordeal in Vladivostok were released following the intervention of the American consul at Harbin, Manchuria but Charles Wells and two residents of Alaska died while detained by the Soviet government; and

WHEREAS the residents of Alaska who survived their ordeal in Soviet Siberia were all from Golovin Bay, Alaska and they survived notwithstanding the severe physical and emotional trauma resulting from the assault, kidnapping, false imprisonment, theft of property together with other violations of American and Alaska law by the agents of the Soviet regime; and

WHEREAS after seizing Wrangel Island, the Soviet government proceeded to seize more American soil by occupying the nearby and defenseless Herald Island; and

WHEREAS the Soviet government subsequently asserted a spurious claim to the American De Long Islands of Henrietta, Jeannette, and Bennett; and

WHEREAS these illegal acts by the Soviet government interrupted 57 years of peaceful use of these islands by American seamen, herders, and hunters; and

WHEREAS the Soviet occupation of what they refer to as Ostrova De Long is an affront to all Americans, is an insult to the memory of their brave discoverer, and a source of embarrassment to the United States Navy, which memorializes his memory at the Naval Academy in Annapolis; and

WHEREAS the soil of all five of these American islands and their surrounding continental shelf has been held by military force in contravention of international law and by conduct that is contrary to what is recognized as proper by civilized nations; and

WHEREAS the Soviet government has typified its uncivilized conduct by establishing forced labor camps on Wrangel Island as reported in testimony before the U.S. Senate Judiciary Committee in January 1973; and

WHEREAS it has been reported that Wrangel Island was the last known place of imprisonment of Raoul Wallenberg, the Swedish Consul in Budapest, Hungary at the end of World War II who was arrested by Soviet forces and who was responsible

for saving the lives of thousands of European Jews from the Nazi Holocaust; and

WHEREAS this conduct on American soil has continued in defiance of American law as well as in defiance of the international rules of conduct resulting from the Nuremberg war crime trials after World War II; and

WHEREAS the continuing trespass by the Soviet government deprives the State of Alaska and its people of their fundamental right to use the islands of Wrangel, Herald, Henrietta, Jeannette, and Bennett together with the surrounding continental shelf and its valuable resources; and

WHEREAS unlike the governments of Canada and Great Britain, the United States has never surrendered its claims of sovereignty over these islands; and

WHEREAS the State of Alaska does not believe that agreements between the United States and the Soviet Union, whether they be secret or otherwise, can affect American claims to these islands until they have been ratified by the United States Senate;

BE IT RESOLVED by the Alaska State Legislature that the Government of the United States assert and reassert American sovereignty over Wrangel Island, Herald Island, and the De Long Islands of Henrietta, Jeannette, and Bennett, their resources, and their territorial shelf in behalf of the American people; and be it

FURTHER RESOLVED that the Government of the United States make satisfactory compensation and restitution to the State of Alaska and its people for the loss of this territory resulting from the neglect of the United States Government to protect American lives and property when the lands were seized in 1924; and be it

FURTHER RESOLVED that the State of Alaska asserts and reasserts its claim to Wrangel Island, Herald Island, and the De Long Islands of Henrietta, Jeannette, and Bennett and their surrounding continental shelf as an integral part of the State of Alaska; and be it

FURTHER RESOLVED the Governor of the State of Alaska is requested to initiate appropriate legal claims for relief before the U.S. Foreign Claims Settlement Commission, the U.S. Court of Claims or other legal forums of the United States as may be appropriate.

COPIES of this resolution shall be sent to the Honorable Ronald Reagan, President of the United States; to the Honorable George P. Shultz, Secretary of State; to the Honorable George Bush, Vice–President of the United States and President of the U.S. Senate; the Honorable Jim Wright, Speaker of the U.S. House of Representatives; and to the Honorable Ted Stevens and the Honorable Frank Murkowski, U.S. Senators, and the Honorable Don Young, U.S. Representative, members of the Alaska delegation in Congress.

Introduced: 2/4/88.