Doris CABANA, Viola Jerrell, and Nancy Hillstrand, Appellants/Cross–Appellees,

v.

KENAI PENINSULA BOROUGH, and Kenai Peninsula Borough Assembly, Appellees/Cross–Appellants.

Nos. S–9377, S–9497.

Supreme Court of Alaska.

April 27, 2001.

Robert C. Erwin, Roberta C. Erwin, Erwin & Erwin, LLC, Anchorage, for Appellants/Cross–Appellees.

Holly B. Montague, Assistant Borough Attorney, Colette G. Thompson, Borough Attorney, Soldotna, for Appellees/Cross–Appellants.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

MATTHEWS, Justice.

## I. INTRODUCTION

After Doris Cabana appealed the Kenai Peninsula Borough Assembly's decision to classify a parcel of municipal land as light industrial, Superior Court Judge Harold Brown held that the Borough Assembly's decision was a legislative one and so dismissed Cabana's appeal on jurisdictional grounds. Judge Brown found that Cabana was a public interest litigant, however, and denied the Borough's motion for attorney's fees on this basis. Cabana appeals, arguing that the Borough Assembly's classification, like a small-scale rezoning, was subject to appeal as a quasi-judicial decision. The Borough cross-appeals the denial of its motion for attorney's fees. Because small-scale re-

zonings are treated as legislative decisions under Alaska law, and because the evidence supports the superior court's finding that Cabana was a public interest litigant, we affirm Judge Brown's decisions.

## II. FACTS AND PROCEEDINGS

Clif and Cheryl Shafer owned a twenty-acre parcel of land in Anchor Point (the "Shafer parcel"). Approximately half of the Shafer parcel was wetlands, and 64 of 105 parcels within a half-mile radius of the parcel were residentially developed. Shafer's attempts to use his parcel for gravel excavation were thwarted by his unwillingness, for financial reasons, to comply with an environmental review.

The Kenai Peninsula Borough owned a forty-acre parcel of land in Homer (the "Homer parcel"). The Homer parcel was adjacent to an asphalt plant, the Borough landfill, and a state Department of Transportation maintenance yard. Approximately one-third of the Homer parcel was wetlands, and only thirteen of the fifty-five parcels within a half-mile radius of the parcel were residentially developed.

Shafer approached the Borough and proposed an exchange of the Shafer parcel for the Homer parcel, intending to use the Homer parcel to store and process gravel to be sold to customers in the Homer area. Under the Kenai Peninsula Borough Code, land owned by the Borough must be classified before it can be exchanged.[1] The instrument conveying the land to a private party, in turn, must restrict the use of the land to the uses permitted under that classification.[2] When the classification or reclassification of land is initiated by a private party, the code requires the planning commission to hold a public hearing on the proposed classification, and also requires notice to be mailed to all landowners or leaseholders of land within a half-mile radius of the affected parcel.[3]

The Borough asserts that it sent notice to all landowners and leaseholders of record within a half-mile radius of the Homer par-

---

1. *See* Kenai Peninsula Borough Code (KPBC) § 17.10.090.

2. *See* KPBC § 17.10.130(D).

3. *See* KPBC § 17.10.080(H),(I).

cel. Doris Cabana, however, alleges that she is an owner or leaseholder of property within a half-mile of the Homer parcel, but did not receive notice of the proposed classification. The Borough Planning Commission held a public hearing on the proposed classification, and eventually recommended a light industrial classification for the Homer parcel with a variance permitting material stockpiling and related activities.

The Kenai Peninsula Borough Assembly then held a public hearing on the proposed classification. Despite some opposition to the classification and exchange, the Borough passed a resolution classifying the Homer parcel as light industrial. The Borough also passed an ordinance authorizing the exchange of the Homer parcel for the Shafer parcel.

Cabana, joined by Viola Jerrell and Nancy Hillstrand (collectively "Cabana"), appealed both the Borough's resolution classifying the Homer parcel, and the Borough's ordinance exchanging the parcel, to the superior court. In the appeal, Cabana argued that the Borough had violated various procedural and statutory requirements relating to the classification and exchange of Borough property, and that the classification and exchange involved unlawful "spot zoning." Cabana later filed an original action in superior court challenging the resolution and ordinance on the same grounds.

The Borough moved to dismiss Cabana's appeal, arguing that legislative actions like the Borough's resolution and ordinance were properly challenged by means of an original action rather than an appeal. The superior court agreed, and dismissed Cabana's appeal for lack of jurisdiction on September 17, 1999. The superior court noted that its order dismissing Cabana's appeal was not intended to affect Cabana's original action in any way. On October 13, 1999, Cabana appealed the superior court's dismissal of her appeal.

On October 5, 1999, the Borough moved for an award of $1,317.90 in attorney's fees. In an order distributed on November 3, 1999, the superior court found that Cabana was a public interest litigant and denied the Borough's motion for attorney's fees. The Borough moved for reconsideration of that order, and the superior court denied the Borough's motion for reconsideration in an order distributed on November 30, 1999. The Borough filed its appeal of the superior court's denial of reconsideration of its motion for attorney's fees on December 30, 1999.

### III. STANDARD OF REVIEW

■■■ In deciding questions of law, this court will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[4] This court reviews the superior court's determination of public interest litigant status and the award of attorney's fees only for abuse of discretion.[5]

### IV. DISCUSSION

A. The Classification of Municipal Land, like Small–Scale Rezonings, Involves a Legislative Rather than Quasi–Judicial Proceeding.

■■■ Cabana argues that the Borough Assembly's classification of the Homer parcel was a quasi-judicial proceeding, because the classification of a single parcel of municipal land is similar to a small-scale rezoning, and small-scale rezonings are quasi-judicial proceedings.[6] Cabana's argument must fail, however, not only because the classification of municipal land is unlike a small-scale rezoning, but because this court has previously held that small-scale rezonings are legislative—not quasi-judicial—proceedings.

■■■ As a general matter, "[w]henever an entity which normally acts as a legislative body applies general policy to particular persons in their private capacities, instead of

4. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

5. *See Kachemak Bay Watch, Inc. v. Noah*, 935 P.2d 816, 821 (Alaska 1997).

6. On appeal, Cabana has apparently abandoned her earlier contention that the Borough Assembly's *exchange* of the Homer parcel (once classified) for the Shafer parcel was a quasi-judicial proceeding. Accordingly, this point will not be considered on appeal. *See Adamson v. University of Alaska*, 819 P.2d 886, 889 n. 3 (Alaska 1991).

passing on general policy or the rights of individuals in the abstract, it is functioning [in a quasi-judicial capacity]." [7] The classification of municipal land is less likely to be a quasi-judicial proceeding than would be a small-scale rezoning, because classification of *public* land does not immediately and directly affect the rights of a particular, *private* landowner.

■ Courts in some other jurisdictions have held that small-scale rezonings should be treated as quasi-judicial proceedings.[8] But we have chosen instead to treat small-scale rezonings as legislative decisions,[9] explicitly defining "spot zoning" as "the legal term of art for a zoning decision which affects a small parcel of land and which is found to be an arbitrary exercise of *legislative* power." [10] Just as the act of spot zoning is a legislative act, the decision to spot zone is a legislative decision.

■ Even if Cabana were correct that the classification of a single parcel of municipal land resembles a small-scale rezoning, this court's precedent compels the conclusion that classification of municipal land, like small-scale rezoning, be treated as a legislative decision. Because the decision of a legislative body is subject to review by appeal only where the decision is a quasi-judicial one,[11]

the superior court correctly dismissed Cabana's appeal.[12]

B. *The Superior Court Did Not Abuse Its Discretion in Finding that Cabana Was a Public Interest Litigant.*

■ The Borough argues that the superior court erred in finding that Cabana was a public interest litigant, contending that Cabana satisfies none of the four criteria for public interest litigant status.[13] Our review of the evidence convinces us that the trial judge did not abuse his discretion in concluding that Cabana was a public interest litigant.

■ This court has named four criteria for identifying a public interest litigant:

(1) Is the case designed to effectuate strong public policies?

(2) If the plaintiff succeeds will numerous people receive benefits from the lawsuit?

(3) Can only a private party have been expected to bring the suit?

(4) Would the purported public interest litigant have sufficient economic incentive to file suit even if the action involved only narrow issues lacking general importance? [14]

7. *Kollodge v. State,* 757 P.2d 1028, 1033 (Alaska 1988) (quoting *Ballard v. Stich,* 628 P.2d 918, 920 (Alaska 1981)).

8. *See, e.g., Board of County Comm'rs v. Snyder,* 627 So.2d 469, 474 (Fla.1993).

9. *See Balough v. Fairbanks North Star Borough,* 995 P.2d 245, 249 (Alaska 2000) (holding the rezoning of 75 acres on the north side of a single rural road to be a legislative decision); *Griswold v. City of Homer,* 925 P.2d 1015, 1019 n. 3 (Alaska 1996) (describing City Council's ordinance amending the zoning of 7.5–acre parcel of land in Homer's 400–acre Central Business District as legislative enactment).

10. *Griswold,* 925 P.2d at 1020 n. 6 (emphasis added).

11. *See* 4 Kenneth H. Young, *Anderson's American Law of Zoning* § 27.06 (4th ed.1997) (noting that legislative decisions are properly challenged through a direct action).

12. As the superior court noted, appellants are still able to obtain review of the merits of the

Borough Assembly's decision through their separately filed, and ongoing, original action.

13. The parties assume that the Borough is entitled to attorney's fees as a matter of course if Cabana is not a public interest litigant. This assumption may not be well founded as this appeal was dismissed and Appellate Rule 508 distinguishes between cases on appeal terminated by dismissal and those terminated by affirmance or reversal. As to dismissed cases "costs shall not be allowed ... unless otherwise ordered by the court." Alaska R.App. P. 508(a). But in cases affirmed or reversed "costs shall be allowed ... unless otherwise ordered by the court." Alaska R.App. P. 508(b) and (c). In view of our decision that the superior court did not err in concluding that Cabana was a public interest litigant, and thus fees should not be awarded against her, it is not necessary to explore further in this case the meaning of Appellate Rule 508(a).

14. *Citizens Coalition for Tort Reform, Inc. v. McAlpine,* 810 P.2d 162, 171 (Alaska 1991) (quoting *Anchorage Daily News v. Anchorage Sch. Dist.,* 803 P.2d 402, 404 (Alaska 1990)).

The party claiming public interest litigant status carries the burden of satisfying all four criteria.[15]

The trial judge could reasonably have found that Cabana's opposition to the Borough's classification and exchange of the Homer parcel was meant to promote a number of important public policies: (1) protecting the parcel's wetlands; (2) avoiding "spot zoning" or, at the least, "spot classification" in the absence of a comprehensive plan; (3) requiring the Borough Assembly to obey procedural requirements in its disposal of Borough land; and (4) resisting a statutorily-prohibited "give away" of Borough property. All four of these aims are akin to those this court has previously recognized as serving important public interests.[16]

The Borough does not contest the strong public interest in environmental protection and governmental accountability, but instead argues only that because the challenged classification was not in fact found to *be* illegal "spot zoning," Cabana did not advance a strong public policy *against* spot zoning by pursuing her appeal. But while frivolous claims preclude public interest litigant status,[17] the Borough does not contend that Cabana litigated her appeal on frivolous legal grounds. As the public interest litigant exception is meant in part to protect losing litigants, the fact that Cabana failed to prove that "spot classification" is akin to "spot zoning" cannot in itself defeat her claim of public interest litigant status. As it was reasonably debatable that "spot classification" should be treated as a quasi-judicial decision, and the Borough did not contest the public interest in environmental protection and governmental accountability, the trial judge did not abuse his discretion in finding that Cabana's appeal

was designed to effectuate strong public policies.

The Borough also contends that Cabana's appeal, even if successful, would benefit only a small number of people, as there are only a small number of residential properties close to the Homer parcel. But there was evidence in the record that classification of the parcel for light industrial use would not only harm the owners and inhabitants of nearby residential properties, but would also negatively impact the natural environment and the tourist trade of the area as a whole.

The Borough further contends that private parties were not the only ones who could have been expected to bring a lawsuit, suggesting that the state's ownership of a neighboring parcel might have induced it to oppose the Borough Assembly's action. The state's use of its own land to store gravel, however, makes it markedly unlikely that the state would oppose the use of the Homer parcel for similar purposes. The publicly owned land near the parcel that is not owned by the state is owned by the Borough, which obviously could not be expected to sue itself. Although the Borough suggests that the City of Homer had the power to bring a lawsuit, the fact that the City of Homer did not own property within a half mile of the Homer parcel meant that it lacked standing to object to the deficiencies in notice given to neighboring landowners like Cabana.

Finally, the Borough argues that the three cross-appellees' interest in the land they owned near the Homer parcel gave them a sufficient economic incentive to file suit as non-public interest litigants. In *Alaska Survival v. State, Department of Natural Resources*, however, we held that a "personal" interest in the natural character of a parcel

---

15. *See id.*

16. *See Griswold v. City of Homer*, 925 P.2d 1015, 1029–30 (Alaska 1996) (holding that a suit challenging alleged spot zoning served to vindicate the strong public policy of ensuring that zoning ordinances are not arbitrary or capricious); *Alaska Survival v. State, Dep't of Natural Resources*, 723 P.2d 1281, 1292 (Alaska 1986) (holding that ensuring that an agency follows proper procedures, and fulfills statutory requirements that its decisions be in the best interests of the state, represents an important effectuation of

public policy); *Southeast Alaska Conservation Council, Inc. v. State*, 665 P.2d 544, 553–54 (Alaska 1983) (holding that the protection of state natural resources vindicates an important public interest); *Anchorage v. McCabe*, 568 P.2d 986, 989 (Alaska 1977) (noting that both parties recognized homeowners challenging a special exception to zoning that would permit high rise development to be public interest litigants).

17. *See Eyak Traditional Elders Council v. Sherstone, Inc.*, 904 P.2d 420, 426–27 (Alaska 1995).

of land does not amount to the kind of substantial economic interest sufficient to bar a litigant from qualifying as a public interest plaintiff.[18] To the extent that cross-appellees mentioned their own personal concerns in opposing the classification of the land as light industrial, Cabana also emphasized the potential health risks of the increase in dust and noise; Jerrell also highlighted the likelihood of pollution and the effects of the classification on the parcel's wetlands; and Hillstrand, while expressing a concern about her plans to develop her land as view property, also indicated a concern for the "character" of the area. The trial judge thus would have acted within his discretion in viewing the concerns of the three cross-appellees as more akin to a "personal" interest in the natural character of the Homer parcel than to an economic interest in their own properties.

Because there is substantial evidence that Cabana satisfied all four criteria of this court's test for public interest litigant status, the superior court did not abuse its discretion in denying the Borough an award of attorney's fees.

## V. CONCLUSION

Because the classification of Borough land is not a quasi-judicial proceeding, we AFFIRM the superior court's dismissal of Cabana's appeal. Because the superior court was within its discretion in finding that Cabana was a public interest litigant, we AFFIRM the superior court's denial of attorney's fees to the Borough.