**FRIENDS OF COOPER LANDING,**
Appellant,

v.

**KENAI PENINSULA BOROUGH,**
Appellee.

No. S–10581.

Supreme Court of Alaska.

Nov. 7, 2003.

James N. Reeves, Dorsey & Whitney LLP, Anchorage, for Appellant.

Holly B. Montague, Assistant Borough Attorney, Soldotna, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

## I. INTRODUCTION

Friends of Cooper Landing (Friends) appeals a superior court's dismissal of an appeal from a decision rendered by the Kenai Peninsula Borough Board of Adjustment. The superior court dismissed the case citing lack of jurisdiction under our decision in *Cabana v. Kenai Peninsula Borough.*[1] Because Friends appeals an adjudicatory decision rather than a legislative one, we reverse the superior court's dismissal and remand the case to be heard on its merits.

## II. FACTS AND PROCEEDINGS

At a meeting in October 1998 the Kenai Peninsula Borough Planning Commission Plat Committee approved the Sunrise View Revised Preliminary Plat for development of a parcel of land between Sunrise and Cooper Landing on the north side of the Sterling Highway. Friends appealed the Plat Committee's decision to the full Planning Commission, stating twenty-one points on appeal. The Commission staff addressed each of the twenty-one points. The Commission voted to concur with and accept the comments and recommendations of the staff, thereby denying the appeal by Friends.

Friends appealed the Planning Commission's decision to the Borough Board of Adjustment alleging that the Commission failed to adequately consider each of the twenty-one points appealed and requesting that all points of appeal be remanded for more thorough consideration. The Borough Assembly, meeting as a Board of Adjustment, heard arguments regarding this appeal on April 21, 1999. The Board issued a decision and findings of fact on May 4, 1999. The Board denied the appeal with respect to Points 7,

---

1. 21 P.3d 833 (Alaska 2001).

16, 17, and 19, and remanded the remaining points to the Planning Commission for findings on each.

On remand, the Planning Commission considered the points and issued findings in support of their responses to Friends's concerns during two meetings held in June and July 1998. Friends again appealed to the Borough Board of Adjustment.

The Board voted to deny this second appeal after a February 2000 hearing. The Board's decision was accompanied by a set of factual findings responding to the specific points of appeal stated by Friends.

Friends appealed the Board of Adjustment's decision to the superior court. The Borough filed a motion to dismiss the appeal. The superior court granted this motion, citing a lack of jurisdiction under our decision in *Cabana v. Kenai Peninsula Borough.*[2]

Friends appeals.

## III. DISCUSSION

The superior court relied upon our decision in *Cabana* when it dismissed Friends's appeal. This reliance was misplaced. In *Cabana* we upheld a dismissal of an appeal from a borough assembly decision on the grounds that the superior court lacked jurisdiction to hear the appeal.[3] The appellant in *Cabana* appealed the assembly's resolution that classified a parcel of land and the assembly's ordinance that effected an exchange of one parcel for another.[4] We concluded "that classification of municipal land, like small-scale rezoning, [should] be treated as a legislative decision. Because the decision of a legislative body is subject to review by appeal only where the decision is a quasi-judicial one, the superior court correctly dismissed Cabana's appeal."[5]

The instant case, like *Cabana,* involves land classification. Unlike *Cabana,* the instant case entails an appeal of a board of adjustment's adjudicatory decision rather than a borough assembly's legislative decision. That the Board of Adjustment and the Borough Assembly have the same members does not render inconsequential the difference between the separate acts and decisions of each body. The Board of Adjustment hears appeals of Planning Commission decisions and renders adjudicative responses to those appeals,[6] while the Borough Assembly promulgates land use policy through legislative acts and decisions.[7] Both state law and the borough code explicitly permit an appeal to the superior court of a decision by the Board of Adjustment.[8]

## IV. CONCLUSION

Accordingly, we REVERSE the superior court's dismissal of Friends's appeal and REMAND the case to the superior court for a determination on the merits.

---

2. *Id.*

3. *Id.* at 835–36.

4. *Id.* at 835.

5. *Id.* at 836 (footnote omitted).

6. Kenai Peninsula Borough Code (KPB) 21.20.230.

7. KPB 17.10.080 & 22.40.190.

8. AS 29.40.060 requires borough assemblies to provide for an appeal to the superior court by a person aggrieved by a board of adjustment decision, and asserts that such an appeal is an administrative one. KPB § 21.20.360 states: "Pursuant to AS 29.40.060, appeals from the final written decisions of the board of adjustment shall be filed with the State of Alaska Superior Court at Kenai, Alaska, and shall conform with the Rules of Appellate Procedure of the State of Alaska, Part VI."