See also 649 P.2d 947.

GOLD BONDHOLDERS PROTECTIVE COUNCIL, Richard L. Randolph, David Brenner, Karl L. Flaccus and Lee R. Ellenberg, Appellants,

v.

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellee.

No. 6490.

Supreme Court of Alaska.

Jan. 28, 1983.

Stephen S. DeLisio, Patricia L. Zobel, Merdes, Schaible, Staley & DeLisio, Inc., Anchorage, for appellants.

Bruce E. Gagnon, Atkinson, Conway, Bell & Gagnon, Anchorage, for appellee.

Before BURKE, C.J., RABINOWITZ, CONNOR and COMPTON, JJ., and SCHULZ,* Judge.

## OPINION

CONNOR, Justice.

In this case, the Gold Bondholders Protective Council (hereafter referred to as Bondholders) appeals the superior court's award of $15,551.22 in attorneys' fees and costs to appellee, the Atchison, Topeka and Santa Fe Railway Company (hereafter referred to as Santa Fe).

The facts of the case from which this appeal arises are as follows:

---

* Schulz, Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

In 1895, Santa Fe issued bonds for public sale. The bonds contained a "gold clause" which promised to pay to bondholders in the year 1995, the face amount in "gold coin of the United States, of the present standard of weight and fineness, or its equivalent," together with interest calculated at 4% annually, "payable in like gold coin" semi-annually until the principal became due.

On June 5, 1933 Congress enacted a Joint Resolution, now codified as 31 U.S.C. § 463, which in effect annulled all gold clauses such as that contained in the Santa Fe bonds. In 1980, appellants, the Bondholders, purchased some of the Santa Fe bonds. The Bondholders subsequently demanded that interest owing on the bonds be paid in gold coin or its equivalent pursuant to the gold clause provision. When Santa Fe refused to honor this demand, appellants commenced an action for breach of contract. The superior court dismissed the appellants' amended complaint for failure to state a claim on which relief could be granted, thereby precluding a determination as to whether the suit would be certified as a class action.[1]

After entry of judgment, Santa Fe moved for an award of attorneys' fees in the amount of $20,000 out of a total bill of $29,784 calculated at 350.4 hours, at $85.00 per hour. Santa Fe also submitted a memorandum of costs and disbursements, seeking recovery of certain deposition costs in the amount of $551.22. The superior court awarded $15,000 in attorneys' fees and the court clerk awarded $551.22 in costs for a total award of $15,551.22. The clerk's award of costs was subsequently affirmed in the superior court's judgment, which was entered on October 26, 1981.

## ATTORNEYS' FEES

The Bondholders appeal from the superior court's award of attorneys' fees on two grounds, contending:

---

1. On appeal to this court we affirmed the superior court's dismissal of the Bondholder's claim. *Gold Bondholders Protective Council, et al. v. Atchison, Topeka and Santa Fe Railway Co.,* 649 P.2d 947 (Alaska 1982).

1. That Santa Fe is not entitled to attorneys' fees because appellants litigated an issue of important public interest; and,

2. That if Santa Fe is entitled to attorneys' fees, $15,000 is excessive.

## STANDARD OF REVIEW

As we stated in *Anchorage v. McCabe,* 568 P.2d 986, 989 (Alaska 1977):

"Rule 82(a)(1), Alaska Rules of Civil Procedure, provides that in cases where there is no monetary recovery, 'attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.' This court has recognized that the trial judge has wide discretion in awarding fees to a prevailing party. As we recently stated . . .

We will interfere only where the trial court's determination as to attorney's fees appears to be 'manifestly unreasonable.'" (Citation and footnote omitted).

## PUBLIC INTEREST NATURE OF THE CASE

■ The first question we are asked to consider is whether Santa Fe was entitled to any award of attorneys' fees. The Bondholders contend that they litigated an issue of important public interest by challenging the constitutionality of 31 U.S.C. § 463 in the superior court. We have consistently held that "it is an abuse of discretion to award attorneys' fees against a losing party who has in good faith raised a question of genuine public interest before the courts." *Gilbert v. State,* 526 P.2d 1131, 1136 (Alaska 1974). *Accord, Girves v. Kenai Peninsula Borough,* 536 P.2d 1221, 1227 (Alaska 1975), *see also, Anchorage v. McCabe,* 568 P.2d at 989–90. However, we have also held that where the sums at stake in a controversy are substantial enough to prompt a suit

without consideration of the public interest, it is not an abuse of discretion for the superior court to award attorneys' fees against a plaintiff who has raised issues of public interest. *Mobil Oil Corp. v. Local Boundary Commission,* 518 P.2d 92, 104 (Alaska 1974). We recently explained that:

"Where the sums at stake in the controversy are sufficiently large to prompt suit regardless of the public interest, an award of attorney's fees against the losing party has been found reasonable. In such cases, the concern that fear or expense will significantly deter citizens from litigating questions of general interest to the community is inapplicable. Similarly, questions which primarily affect the private rights of the parties before the court lack the requisite public character to prohibit an award, *even if some public or constitutional issues are involved.*" (Emphasis added.)

*Thomas v. Bailey,* 611 P.2d 536, 539 n. 9 (Alaska 1980). The sums at stake in the case before us are in dispute. The Bondholders contend that the maximum amount they could have recovered had they prevailed at trial would have been insubstantial.[2] According to Santa Fe's calculations, however, the appellants stood to recover well over one-half million dollars. That figure is clearly substantial enough to have motivated the Bondholders to file suit against Santa Fe.[3]

## REASONABLENESS OF THE FEE AWARD

We now turn to the question of whether the $15,000 attorneys' fee award was so "manifestly unreasonable" as to constitute an abuse of discretion by the superior court.

■ The Bondholders argue that the award is excessive, and therefore unreasonable, because it amounts to more than one-half of the attorneys' fees actually incurred

**2.** The Bondholders have not provided an estimate of the amount in controversy.

**3.** The Bondholders argue that because they sought class certification we should recognize the public interest nature of the claim. We do

not agree. Even if the class had been certified, the interests involved would have merely been multiple private financial interests. The general public interest would not have been served.

by Santa Fe. This argument is unpersuasive and we reject it. Alaska Rule of Civil Procedure 82(a) states that:

"Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount."

We have consistently held that an award of *full* attorneys' fees, absent a showing of bad faith on the part of the losing party, is manifestly unreasonable. *Davis v. Hallett,* 587 P.2d 1170, 1171–72 (Alaska 1978); *Malvo v. J.C. Penney Co., Inc.,* 512 P.2d 575, 587 (Alaska 1973). However, we have never held, and decline now to hold, that an award of over one-half of the attorneys' fees actually incurred is *per se* unreasonable.

In the case now before us, the superior court awarded attorneys' fees calculated at a rate of $85.00 per hour. That hourly rate was multiplied by slightly over one-half of the hours actually spent by counsel for Santa Fe in this case. We do not find this to be an unreasonable award of partial attorneys' fees.

The Bondholders further contend that the award of attorneys' fees was excessive because most of the time spent on the litigation by Santa Fe was used to prepare jurisdictional arguments on which Santa Fe did not prevail. This contention is untenable. Rule 82(a) does not require that attorneys' fees be calculated with reference to the disposition of individual issues. Rather, it expressly provides that a reasonable award of fees shall be made, at the trial court's discretion, to the *prevailing party*.[4] The clear meaning of that provision is that the party who prevails on the principal dispositive issue is entitled to reasonable costs calculated according to the trial court's discretion. *See, Cooper v. Carlson,* 511 P.2d 1305, 1308 (Alaska 1973). We refuse to now alter the purview of Rule 82 by requiring the niceties in apportionment urged by the Bondholders. We hold that the superior court did not abuse its discretion by award-

ing Santa Fe attorneys' fees for time spent on issues on which Santa Fe did not prevail.

Finally, the Bondholders argue that the fee award should be reduced because it is inequitably large. For the reasons stated above, we reject this argument. Considering that this is not a case of genuine public interest, and that the Bondholders stood to gain a substantial monetary award if they had prevailed at trial, it is apparent that this is not the type of case we envisioned when we stated: "[T]here are cases involving substantial litigable questions in which to require the losing party to pay a sizeable attorney's fee would obviously be unwarranted." *Cooper v. Carlson,* 511 P.2d 1305, 1311 n. 12 (Alaska 1973). In this case neither the size of the fee award nor the nature of the litigated issues indicates that the award is obviously inequitable.

The award of attorneys' fees is therefore affirmed.

## COSTS

We turn now to the question of whether the superior court abused its discretion by affirming the court clerk's award of costs.

The Bondholders dispute the clerk's award of travel and transcript costs incurred in participating in two depositions noticed by the Bondholders in preparing to defend against Santa Fe's motion to dismiss for lack of personal jurisdiction. The Bondholders contend that: (1) the depositions were not taken in preparation for trial, and, (2) it was improper to reimburse Santa Fe for travel expenses incurred in attending the depositions.

In *Kaps Transport, Inc. v. Henry,* 572 P.2d 72, 79 (Alaska 1977), we held that costs were properly awarded for depositions reasonably necessary in preparation for trial, even though they were never read into evidence at the trial itself. In that case we distinguished between depositions taken merely for discovery purposes and those taken in preparation for trial, and held that only the latter type justified an award of

---

4. *See,* Alaska Rule of Civil Procedure 82(a).

costs. Santa Fe does not contend that the depositions in question were taken for use at trial. However, they were clearly not taken for discovery purposes either. They were taken with regard to a pre-trial motion to dismiss made by Santa Fe.

As we pointed out in *Kaps Transport, id.* at 78, the federal courts apply a "reasonable necessity" test and have allowed costs for depositions used in connection with a motion for summary judgment. We can see no reason to limit justifiable deposition costs to depositions which are intended for use in an actual trial proceeding.

According to the literal reading of *Kaps Transport* and Civil Rule 79(b) urged by the Bondholders, the disputed costs award would have been proper if the motion to dismiss had been made by Santa Fe at an actual trial proceeding rather than being made prior to a trial. We fail to perceive any significance in the timing of the motion.

Because the depositions in question were not used solely for discovery purposes, but were used to prepare for and to assert a motion to dismiss, we hold that the superior court did not abuse its discretion when it affirmed the clerk's award of costs.

The Bondholders further contend that travel expenses were improperly awarded to Santa Fe. Civil Rule 79(b) provides that allowable costs include "the necessary expense of taking depositions for use at trial." As stated above, we believe that the depositions were sufficiently related to a possible trial to fall within the scope of allowable costs. The travel expenses incurred were a necessary component of the deposition cost. In *Davis v. Hallett*, 587 P.2d 1170, 1171 (Alaska 1978), we held that the superior court did not abuse its discretion when it awarded costs, under Rule 79, for the necessary travel expenses incurred by the prevailing party's attorney in order to appear at proceedings in another city. We hold that it was within the superior court's discretion to affirm an award of travel expenses necessarily incurred in taking depositions. We accordingly affirm the superior court's award of costs.

AFFIRMED.