Kathy NIELSON and Loren Domke, husband and wife, Appellants,

v.

David BENTON and Lori Telfer, husband and wife, Appellees.

No. S–7747.

Supreme Court of Alaska.

May 1, 1998.

Loren Domke, Loren Domke, P.C., Juneau, for Appellants.

Thomas W. Findley, Dillon and Findley, P.C., Juneau, for Appellees.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

*OPINION*

COMPTON, Justice.

## I. *INTRODUCTION*

Kathy Nielson and Loren Domke appeal from a superior court judgment awarding Lori Telfer and David Benton fifty percent of their actual reasonable attorney's and paralegal fees for litigating a dispute concerning a failed home sale. We affirm.

## II. *FACTS AND PROCEEDINGS*

In February 1992 Lori Telfer and David Benton contracted to buy a home from Kathy Nielson and Loren Domke. *See Nielson v. Benton,* 903 P.2d 1049, 1050 (Alaska 1995). Prior to closing, Benton and Telfer discovered a number of physical defects in the property, as well as a cloud on Nielson and Domke's title. *See id.* at 1050–51. They expressed a wish to rescind the contract; Nielson and Domke threatened to sue to enforce it. *See id.*

In August 1992, after further disputes about the defects in the property, Nielson and Domke filed suit. They initially sought both specific performance and damages for Benton and Telfer's alleged breach of the contract. *See id.* at 1051. Although their demand for specific performance was effectively mooted in September 1992, they did not withdraw it until April 1993. Benton and Telfer asked the court to rescind the contract. *See id.* They also brought counterclaims for damages for misrepresentation and infliction of emotional distress.

The superior court ultimately rescinded the contract, but rejected all other claims filed by both parties. *See id.* It also awarded Benton and Telfer attorney's and paralegal fees. *See id.* at 1053. Nielson and Domke appealed the rescission and the award of fees. *See id.* at 1052, 1054. We affirmed the superior court's decision on the merits, but remanded the case for recalculation of attorney's and paralegal fees in accordance with Alaska Civil Rule 82, as amended. *See id.* at 1055.

On remand, the superior court awarded Benton and Telfer fifty percent of their actual reasonable attorney's and paralegal fees, or $10,303. The court thus departed from

Rule 82's benchmark award of twenty percent. This appeal followed.

## III. DISCUSSION

### A. Standard of Review

■ "[A]n award of attorney's fees is within the discretion of the trial court. [Rule] 82(a) grants the trial court discretion to award fees in excess of the rule's schedule. We will not reverse a fee award unless the trial court has abused that discretion." *Steenmeyer Corp. v. Mortenson-Neal,* 731 P.2d 1221, 1226 (Alaska 1987). A trial court abuses its discretion when it makes a "manifestly unreasonable" determination. *Sweet v. Sisters of Providence,* 895 P.2d 484, 497 n. 15 (Alaska 1995).

### B. The Enhancement of the Fee Award Was Not Manifestly Unreasonable.

Rule 82(b) provides in part:

(2) In cases [resolved without trial] in which the prevailing party recovers no money judgment, the court ... shall award the prevailing party ... 20 percent of its actual attorney's fees which were necessarily incurred. The actual fees shall include fees for legal work ... performed by ... [a] paralegal....

(3) The court may vary an attorney's fee award calculated under subparagraph [ (b)(2) ] if, upon consideration of the factors listed below, the court determines a variation is warranted:

. . . .

(E) the attorneys' efforts to minimize fees;

(F) the reasonableness of the claims and defenses pursued by each side;

. . . .

(H) the relationship between the amount of work performed and the significance of the matters at stake;

. . . .

(K) other equitable factors deemed relevant.

If the court varies an award the court shall explain the reasons for the variation.

Since the court awarded Benton and Telfer fifty percent of actual fees, rather than the benchmark twenty percent, it was required to justify its variation. It did so, referring specifically to factors (E), (F), and (H). Nielson and Domke contend that the court erred in assessing those factors, and in failing to consider factor (K), "other equitable factors," as favoring a lower award. This claim lacks merit. The superior court explained in painstaking detail its reasons for placing varying degrees of weight on factors (E), (F), and (H), which favored an increased award, and for refusing to place any weight on other factors.[1]

■ As for factor (K), Nielson and Domke contend that their successful defense against certain counterclaims is an "equitable factor" favoring a reduction in the fee award. This argument aims to circumvent our rule that courts need not apportion fees by issue in civil cases. *See Hickel v. Southeast Conf.,* 868 P.2d 919, 924 (Alaska 1994); *Gold Bondholders Protective Council v. Atchison, Topeka & Santa Fe Ry.,* 658 P.2d 776, 779 (Alaska 1983). To hold that a court abuses its discretion if it fails to treat a non-prevailing party's victory on a subsidiary issue as an "equitable factor" mandating reduction of an award would be to establish an apportionment rule under a different name.

■ As for factors (E), (F), and (H), the superior court's conclusions, taken together, amply support its award. It concluded that Nielson and Domke brought a weak claim, "unfairly sought to pressure [Benton and Telfer] by applying for a prejudgment writ of attachment," pursued a weak specific performance demand for an extended period, and maintained a high level of litigation relative to the amount of money at stake. An award of fifty percent of actual reasonable attorney's and paralegal fees under these circumstances is not "manifestly unreasonable." *Sisters of Providence,* 895 P.2d at 497 n. 15. The superior court thus did not abuse its considerable discretion in making the award.

---

**1.** The court discussed each of the first eight factors (i.e., (A) through (H)) outlined in Rule 82(b)(3). It found no reason to vary the award based on any factors other than the three noted above. Nielson and Domke do not argue that it should have applied factors (I) or (J).