**TENALA, LTD., Appellant,**

v.

**Audrey FOWLER, as Personal Representative of the Estate of Sally C. Mayo, Appellee.**

No. S–8625.

Supreme Court of Alaska.

Dec. 23, 1999.

---

Eugene R. Belland, Fairbanks, for Appellant.

Ronald L. Baird, Anchorage, for Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

## OPINION

MATTHEWS, Chief Justice.

### I. INTRODUCTION

Audrey Fowler brought a quiet title action against Tenala, Ltd. Fowler prevailed and was awarded enhanced attorney's fees. We agree that enhanced attorney's fees were proper. However, we remand so that the superior court can make specific findings on whether some of the fees claimed by Fowler were actually related to this litigation.

### II. FACTS AND PROCEEDINGS

In 1991 Fowler, the representative of Sally Mayo's estate, brought a quiet title action against Tenala, Ltd., involving two lots in Fairbanks.[1] After a three-day bench trial,

---

1. *Tenala, Ltd. v. Fowler,* 921 P.2d 1114, 1117 (Alaska 1996) (*Tenala I*).

the superior court held that Mayo had adversely possessed various portions of the lots.[2]

The superior court concluded that Fowler was the prevailing party. Fowler's attorney submitted an affidavit and supporting billing documents showing actual attorney's fees of $27,459.00. With regard to attorney's fees, the court stated:

> After a review of the attorneys fees incurred as set forth in plaintiff's supporting documents, the court concludes they are reasonable and necessarily incurred in this litigation.
>
> Due to the complexity of this litigation, both as to the facts and law the court concludes a greater than 30% of actual attorneys fees should be awarded. This case involved complex issues of quiet title dealing with factual issues dating to the 1920's. There were numerous documents in the "chain of title" as well as historical factual issues to be resolved. Both the legal and factual issues were hotly contested by defendant. Fifty percent (50%) of actual attorneys fees is reasonable under the facts of this case.
>
> Therefore, plaintiff is awarded attorneys fees in the sum of $13,730.00.

Tenala appealed the superior court's decision to this court.[3] We partially reversed the superior court's decision by holding that Mayo was entitled to a prescriptive easement rather than a fee simple interest on a portion of one lot,[4] and that the south boundary line of one lot had been determined erroneously.[5]

With regard to the award of attorney's fees, we noted that Tenala "makes no supporting arguments on appeal and merely refers us to its trial memoranda on the issue. Therefore, Tenala has effectively abandoned

these issues."[6] But we went on to conclude that "[n]onetheless, because we have found that Fowler, as representative of her mother's estate, acquired a prescriptive easement and not fee title for most of the disputed portion of Lot 6, we vacate the attorney's fees and costs awards. On remand, the trial court will have to decide who is the prevailing party."[7]

Upon remand, Fowler filed a motion requesting that the superior court reaffirm its previous order awarding $13,730.00. Tenala opposed and listed over fifty specific items in Fowler's request that Tenala argued were not properly included as fees. The superior court held that Fowler "remains the prevailing party for purposes of award of attorney's fees and costs and this court's prior orders regarding same ... are hereby reaffirmed."

On this appeal, Tenala does not question the court's ruling that Fowler was the prevailing party, but it does challenge the enhanced award of attorney's fees.

### III. DISCUSSION

#### A. Standard of Review

■ "The trial court has broad discretion in awarding attorney's fees; we will not find an abuse of that discretion absent a showing that the award was arbitrary, capricious, manifestly unreasonable, or ... stem[med] from an improper motive."[8]

#### B. Tenala's Previous Waiver Does Not Bar It from Objecting to the Amount of the Attorney's Fee Award.

■ Fowler argues that Tenala is barred from raising an objection to the attorney's fees award because Tenala abandoned that issue in its earlier appeal in *Tenala I*. While it is true that in *Tenala I* we observed that

2. *Id.*

3. *Id.*

4. *Id.* at 1118–20.

5. *Id.* at 1122–23.

6. *Id.* at 1123.

7. *Id.* at 1124. The heading of this part of the *Tenala I* opinion essentially says the same thing, "Although Tenala Waived Any Argument with

Respect to the Costs and Attorney's Fees Awards, We Vacate These Awards Due to Our Partial Reversal of the Trial Court and Remand Them for Re-evaluation in Light of Our Holdings." *Id.* at 1123.

8. *Power Constructors, Inc. v. Taylor & Hintze,* 960 P.2d 20, 44 (Alaska 1998) (citations and quotations omitted) (alterations in original).

"Tenala has effectively abandoned" its arguments concerning attorney's fees because it referred only to trial court memoranda on the issue,[9] the overall effect of the *Tenala I* decision was to "vacate the attorney's fees and costs awards."[10] The superior court was directed to "re-evaluat[e]" the attorney's fees claims on remand.[11] The fact that Tenala previously waived its attorney's fees argument, therefore, relates to an award that was vacated. Tenala was free, on remand, to challenge any new attorney's fees award. Because Tenala opposed the new award in the superior court and has properly presented its arguments on appeal, they are now properly before us.

C. *The Superior Court Did Not Abuse Its Discretion in Awarding Attorney's Fees Relating to Count II of Fowler's First Amended Complaint.*

■ In her first amended complaint, Fowler added a Count II to her action, which described a 1927 quitclaim deed from Ed Ross to Lee Mayo (Sally Mayo's husband). Count II goes on to list parties who potentially might claim an interest in Mayo's real property. Fowler asserts that the listed defendants were grantors or grantees who were out of the chain of title to either lot. Tenala argues that any attorney's fees in preparing and pursuing Count II should not be charged against Tenala because Fowler abandoned Count II in the present action and because "Count II was never pursued against any of the other defendants named in [the] amended complaint."

Count II relied upon a 1927 deed that added a color of title basis to Sally Mayo's claims to one of the lots. This was the basis for the superior court's holding that Lee and Sally Mayo acquired title to portions of one lot in 1934 through adverse possession pursuant to the color of title statute,[12] rather than under the general adverse possession stat-

ute[13] which requires a ten-year period of possession. Thus, contrary to Tenala's assertions, Count II of Fowler's amended complaint was an important component of her quiet title action on behalf of Sally Mayo's estate.

Tenala's assertion that "Count II was never pursued against any of the other [non-Tenala] defendants" is also without merit. Fowler was granted a default judgment against the parties named in Count II.

■ Finally, even if it were the case that none of the allegations contained in Count II of Fowler's amended complaint formed the basis for her successful action against Tenala, the superior court would still have been within its discretion to award attorney's fees for work which included this claim. As we stated in *Gold Bondholders Protective Council v. Atchison, Topeka and Santa Fe Railway Co.*:[14]

Rule 82(a) does not require that attorneys' fees be calculated with reference to the disposition of individual issues. Rather, it expressly provides that a reasonable award of fees shall be made, at the trial court's discretion, to the *prevailing party*. The clear meaning of that provision is that the party who prevails on the principal dispositive issue is entitled to reasonable costs calculated according to the trial court's discretion. We refuse to now alter the purview of Rule 82 by requiring the niceties in apportionment urged by the Bondholders. We hold that the superior court did not abuse its discretion by awarding Santa Fe attorneys' fees for time spent on issues on which Santa Fe did not prevail.[15]

D. *The Superior Court Did Not Abuse Its Discretion in Its Use of Rule 82(b)(3).*

■ Tenala argues that the superior court "erred in calculating and awarding attorney

9. *Tenala I,* 921 P.2d at 1123.

10. *Id.* at 1124.

11. *Id.*

12. *See* AS 09.45.052.

13. *See* AS 09.10.030.

14. 658 P.2d 776 (Alaska 1983).

15. *Id.* at 779 (emphasis in original) (citations omitted); *see also Nielson v. Benton,* 957 P.2d 971, 973 (Alaska 1998) ("courts need not apportion fees by issue in civil cases").

fees under Civil Rule 82(b)(3)." [16] We have held that "[i]n general, a trial court has broad discretion to award Rule 82 attorney's fees in amounts exceeding those prescribed by the schedule of the rule, so long as the court specifies in the record its reasons for departing from the schedule." [17]

In the present case, the superior court specified that it was awarding attorney's fees that exceeded the Rule 82 schedule "[d]ue to the complexity of this litigation." This was not an erroneous determination. The "complexity of the litigation" is a factor listed in Rule 82(b)(3).[18] The superior court noted that "[t]his case involved complex issues of quiet title dealing with factual issues dating to the 1920's." An examination of the superior court's initial memorandum decision and our decision in *Tenala I* reveals that this claim of legal and factual complexity was not inaccurate.[19]

Tenala also argues that the superior court erred because it only considered one of the eleven factors set forth in Rule 82(b)(3). We rejected a similar argument in *Osborne v. Hurst*: [20]

> Hurst also challenges the superior court's decision to award him attorney's fees in an amount less than the scheduled

fee in Alaska Civil Rule 82(b)(2). In particular, he argues that the superior court erred in reducing the attorney's fee award because it did not explain its analysis of all the possible reasons, under Rule 82(b)(3), for deviating from the schedule set forth in Rule 82(b)(2). *We disagree. If one or more Rule 82(b)(3) factors justifies departure from the schedule for fee awards, the trial court may base its decision on those factors, without specifically explaining why the other factors are not relevant.*[21]

### E. The Specific Itemized Billings Objected to by Tenala.

■■ Before the superior court and this court, Tenala lists over fifty specific billing entries by Fowler's attorneys that Tenala argues should not have been included in the superior court's attorney's fees award. The superior court did not specifically address any of these disputed claims, and on appeal, neither does Fowler.

The itemized list of objected-to claims set forth in Tenala's brief can be broken down into three general categories: (1) fees that relate to other defendants (mainly the defendants listed in Count II of Fowler's amended

---

**16.** Civil Rule 82(b)(3) states:

The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted:
  (A) the complexity of the litigation;
  (B) the length of trial;
  (C) the reasonableness of the attorneys' hourly rates and the number of hours expended;
  (D) the reasonableness of the number of attorneys used;
  (E) the attorneys' efforts to minimize fees;
  (F) the reasonableness of the claims and defenses pursued by each side;
  (G) vexatious or bad faith conduct;
  (H) the relationship between the amount of work performed and the significance of the matters at stake;
  (I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;
  (J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage

claims by others against the prevailing party or its insurer; and,
  (K) other equitable factors deemed relevant. If the court varies an award, the court shall explain the reasons for the variation.

**17.** *State v. Johnson*, 958 P.2d 440, 445 n. 10 (Alaska 1998).

**18.** *See* Alaska R. Civ. P. 82(b)(3)(A).

**19.** We note that complexity works poorly as an independent enhancing factor in Rule 82(b)(2) cases where hourly fees, rather than the amount of a money judgment, serve as the measure of the fees to be awarded. Hourly fees are usually already greater because of the complexity of a case. Thus using complexity as an enhancing factor over-counts the effect that complexity has on fees. But this points to a weakness in the rule, not to trial court error. We also note that Tenala did not argue this point, either on appeal or before the trial court. For this reason, too, it should not serve as a basis for reversal of the trial court's decision.

**20.** 947 P.2d 1356 (Alaska 1997).

**21.** *Id.* at 1362 n. 3 (emphasis added).

complaint), not to Tenala; (2) fees that are said to be duplicative, mainly because they involve a new attorney reviewing files relating to the case; and (3) fees that do not relate to the action against Tenala at all, but are for probate and estate work done on behalf of the Mayo family by Fowler's attorneys.

For reasons set forth in Part III.C, above, it was not an abuse of discretion for superior court to have included fees relating to defendants other than Tenala in its attorney's fees award.

The court did not abuse its discretion in awarding fees that were allegedly duplicative. We have held that "to the extent that work performed is duplicative *and unnecessary,* it should not be considered in determining a proper award under Civil Rule 82." [22] In *Integrated Resources Equity Corp. v. Fairbanks North Star Borough* [23] we affirmed an award of attorney's fees even though there was "some duplication" among attorneys.[24] Most of Tenala's allegations concerning alleged duplicative legal work relate to Fowler's attorneys reviewing files for this case. But reviewing files is not, per se, unnecessarily duplicative work.[25] Tenala has not shown that the entries in question were duplicative and unnecessary and thus, it was not an abuse of discretion for the superior court to include them as part of its award of attorney's fees.

Finally, we conclude that it was an abuse of discretion to award attorney's fees for services relating to Mayo family probate and estate work that was not related to the quiet title action against Tenala. Our review of the record indicates that the following expenditures, and perhaps more, may relate to Mayo family estate and probate matters and therefore should be excluded from any attorney's fees award.

| 1/11/91 | CCD | $35.00 |
| 11/25/91 | CCD | $21.00 |
| 11/27/91 | WAB | $77.50 |
| 12/13/91 | WAB | $310.00 |
| 2/9/92 | CCD | $60.00 |
| 4/6/92 | CCD | $40.00 |
| 7/28/92 | PJA | $148.00 |
| 7/29/92 | WAB | $263.50 |
| 7/30/92 | PJA | $74.00 |
| 1/15/93 | PJA | $18.50 |
| 1/22/93 | PSM | $157.50 |
| 1/26/93 | PJA | $92.50 |
| 4/16/93 | RLB2 | $129.50 |

Upon remand, the superior court should reexamine these and the other billing entries objected to by Tenala. If the billings are not reasonably related to the litigation in this case, as the above listed billings appear not to be, they should be excluded from the services on which the attorney's fees award is based.

## IV. CONCLUSION

We REMAND for the superior court to examine and make findings about the billing entries objected to by Tenala. All other aspects of the superior court's award are AFFIRMED.

---

**22.** *Alaska State Fed'n of Labor v. State, Dep't of Labor,* 713 P.2d 1208, 1212 (Alaska 1986) (citing *State v. Fairbanks North Star Borough Sch. Dist.,* 621 P.2d 1329 (Alaska 1981)).

**23.** 799 P.2d 295 (Alaska 1990).

**24.** *Id.* at 304.

**25.** *See Abbott v. Kodiak Island Borough Assembly,* 899 P.2d 922, 925 n. 3 (Alaska 1995) (reviewing court did not regard 7.6 hours of "file review" by an attorney as unnecessary or excessive).