NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JEANNIE DUVALL, ) | |
| ) | Supreme Court No.: S-18358 |
| Appellant, ) | |
| ) | Superior Court No.: 3AN-19-09799 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| PORTFOLIO RECOVERY ) | AND JUDGMENT* |
| ASSOCIATES, LLC, ) | |
| ) | No. 1939 – December 21, 2022 |
| Appellee. ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Guidi, Judge.

Appearances: Goriune Dudukgian and James J. Davis, Jr., Northern Justice Project, LLC, Anchorage, for Appellant. Mara E. Michaletz and Shane C. Coffey, Birch Horton Bittner & Cherot and George M. Cruickshank, Gordon Rees Scully Mansukhani, LLP, Anchorage, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

## I. FACTS AND PROCEEDINGS

Portfolio Recovery Associates, LLC (PRA) is a debt collection agency. PRA filed a complaint against Jeannie Duvall to collect roughly $1,700 in unpaid credit card debt. Duvall challenged PRA's claims under a number of legal theories, including

---

\*      Entered under Alaska Appellate Rule 214.

violations of Alaska's Unfair Trade Practices and Consumer Protection Act (UTPCPA).[1] In April and May 2020 PRA made Duvall two separate offers of judgment under Alaska Civil Rule 68.[2] Duvall did not accept either offer. After a bench trial the superior court found in PRA's favor.

About two weeks after entry of final judgment, PRA sought an award of full reasonable attorney's fees against Duvall under AS 45.50.537[3] and Alaska Civil Rule 95(a), contending Duvall's UTPCPA claims were frivolous.[4] PRA also asked the superior court to assess the award against Duvall's attorneys as sanctions for pursuing "patently frivolous defenses and counterclaims in violation of their obligation under

---

[1]  AS 45.50.471-.561.

[2]  *See* Alaska R. Civ. P. 68(a)-(b) (providing for offer of judgment and for costs and attorney's fees award to offeror from offer date if final judgment is specified percent less favorable to offeree).

[3]  AS 45.50.537(a) provides that in an action under the UTPCPA "a prevailing plaintiff shall be awarded costs as provided by court rule and full reasonable attorney fees at the prevailing reasonable rate." By contrast, AS 45.50.537(b) allows for more limited recovery by a prevailing defendant, *assuming the action is not found to be frivolous*: "[A] prevailing defendant shall be awarded attorney fees and costs *as provided by court rule*." (Emphasis added.) PRA apparently sought to recover under both AS 45.50.537(a) and (b) without noting the distinction between "prevailing plaintiff" and "prevailing defendant."

[4]  Alaska R. Civ. P. 95(a) (allowing courts to "withhold or assess costs or attorney's fees . . . upon offending attorneys or parties" based on "any infraction of [the] rules").

[Alaska Civil] Rule 11(b)(2)."[5]  PRA alternatively sought an award of costs and attorney's fees against Duvall under Rule 68.[6]

Duvall opposed PRA's motion.  She argued, among other things, that PRA erred by requesting attorney's fees concerning different lawsuits, block billing, making mathematical errors, and including fees for clerical and paralegal work; she further asserted that PRA was not entitled to attorney's fees under Rule 68.

PRA's reply reemphasized that AS 45.50.537(a) and Rule 68 were "two separate and equally viable mechanisms pursuant to which [the superior court could] award PRA at least a portion of its full reasonable attorney['s] fees."  PRA conceded certain entries could be omitted, but it specifically challenged Duvall's accusations about block billing and mathematical errors.

The court implicitly rejected PRA's effort to obtain full reasonable attorney's fees under AS 45.50.537 through Rules 11 and 95 by concluding that Duvall's UTPCPA claims were not frivolous or brought in bad faith.  But the court actually analyzed the award under Alaska Civil Rule 82 even though PRA had not mentioned the rule in its motion.[7]  The court asserted — inaccurately — that PRA had

---

[5]  Alaska R. Civ. P. 11(b)(2) (requiring attorneys to certify that "the claims, defenses, and other legal contentions" presented to court "are warranted by existing law" and "nonfrivolous").

[6]  Alaska R. Civ. P. 68(b) (allowing party to recover "all costs as allowed under the Civil Rules and . . . reasonable actual attorney's fees incurred" after conforming offer if it was at least 5% more favorable to offeree than final judgment).

[7]  *See* Alaska R. Civ. P. 82 (providing for attorney's fees award to prevailing party in civil case and basing award amount on whether case was contested at trial and judgment amount).

requested "enhanced fees under Rule 82(b)(3) as a sanction."[8] The court thus folded its implicit analysis of AS 45.50.537 and Rules 11 and 95 into its explicit analysis of Rule 82(b)(3). In short the court rejected PRA's effort to obtain an award of full reasonable attorney's fees — under any theory — because the court "d[id] not find that [Duvall's claims] were brought in bad faith or without a reasonable basis in law and fact."[9]

The court then considered "the primary ground for enhancing the fee award — the offers of judgment." The court concluded that one of PRA's Rule 68 offers of judgment was invalid and that Duvall beat the terms of the other offer of judgment, and it thus denied an attorney's fees award under that rule.

The court nonetheless concluded by returning to "the standard of Civil Rule 82(b)(2)."[10] After subtracting approximately $750 for entries that PRA conceded "were included in error," the court found that "PRA incurred a total of $77,148.50 in reasonable, actual legal fees" and that "Rule 82(b)(2) authorize[d] an award of 30% of the total fees — $23,144.55 — to PRA as prevailing party."

Duvall appeals the superior court's attorney's fees award.

## II.   DISCUSSION

Duvall correctly notes that PRA did not mention Rule 82 in its motion for attorney's fees. Duvall asserts that, despite what the court stated in its order, PRA never

---

[8]     *See* Alaska R. Civ. P. 82(b)(3) (providing court "may vary" attorney's fees award upon consideration of listed factors and "shall explain the reasons for the variation").

[9]     *See* Alaska R. Civ. P. 82(b)(3)(G) (considering as factor "vexatious or bad faith conduct"); Alaska R. Civ. P. 82(b)(3)(F) (considering as factor "the reasonableness of the claims and defenses pursued by each side").

[10]     *See* Alaska R. Civ. P. 82(b)(2) ("In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred . . . .").

sought Rule 82 fees and that this error alone warrants vacating the fee award.  Duvall bolsters her argument by pointing to case law and the plain language of Rule 82.  She first quotes Rule 82(c):

> A motion is required for an award of attorney's fees under this rule or pursuant to contract, statute, regulation, or law. The motion must be filed within 10 days after the date shown in the clerk's certificate of distribution on the judgment as defined by Civil Rule 58.1.  Failure to move for attorney's fees within 10 days, or such additional time as the court may allow, shall be construed as a waiver of the party's right to recover attorney's fees.

Duvall asserts that Rule 82(c) precludes PRA's ability to recover fees under Rule 82 because PRA did not expressly seek Rule 82 fees.  She also points to *Taylor v. Wells Fargo Home Mortgage*'s holding that a Rule 82 fee request after final judgment of the entire case was untimely when the fees concerned work completed against a party who had been dismissed from the litigation much earlier.[11]  She further reasons that if superior courts can "award Rule 82 fees by default, [it] would render Rule 82(c) surplusage" in violation of this court's presumption that "every word, sentence, or provision of a [rule has] some purpose, force, and effect, and that no words or provisions are superfluous."[12]

Duvall also contends that her due process rights would be violated if she were expected to respond to issues not raised in PRA's motion[13] and that such a practice would be prejudicial because she was not on notice that she should argue for reduced

---

[11]    301 P.3d 182, 195 (Alaska 2013).

[12]    *Kodiak Island Borough v. Roe*, 63 P.3d 1009, 1014 n.16 (Alaska 2003) (quoting *Kodiak Island Borough v. Exxon Corp.*, 991 P.2d 757, 761 (Alaska 1999)).

[13]    *See Werba v. Ass'n of Vill. Council Presidents*, 480 P.3d 1200, 1205 (Alaska 2021) (describing requirements "that the non-moving party is made aware of the relief sought, the legal rationale for it, and the evidence on which it relies").

fees in light of the equitable factors listed under Rule 82(b)(3). She points to the following four factors under Rule 82(b)(3) as particularly relevant:

> (G) vexatious or bad faith conduct;
>
> (H) the relationship between the amount of work performed and the significance of the matters at stake;
>
> (I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts; [and]
>
> (J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer . . . .

PRA concedes that its motion for attorney's fees "did not expressly seek fees pursuant to Civil Rule 82(b)(2)" but argues that AS 45.50.537(b) and Rule 82(a) both "require[] an award of attorney['s] fees in this case." PRA points out that under AS 45.50.537(b) "a prevailing defendant *shall* be awarded attorney fees and costs as provided by court rule" and that under Rule 82(a) "the prevailing party in a civil case *shall* be awarded attorney's fees calculated under this rule." (Emphases added.) PRA acknowledges that "some motion is required before a [superior] court can award fees pursuant to any rule or statute" but also contends that the motion need not expressly invoke the rule or statute for which the court ultimately awards fees. PRA also suggests that if the superior court erred at all, the error was not prejudicial. PRA argues that its motion for fees satisfied all the "key elements of any request for fees under Civil Rule 82" by establishing that it was the prevailing party and documenting its reasonable actual attorney's fees.

Neither party identifies any case law on point regarding whether a prevailing party must specifically ask for fees under Rule 82 to be awarded fees under AS 45.50.537. On the facts of this case, we conclude that it was sufficient that PRA

filed an attorney's fees request under AS 45.50.537 and that PRA's failure to prevail on its Rules 11, 68, and 95 arguments does not preclude an award under Rule 82. Alaska Statute 45.50.537 requires that the superior court "shall" award attorney's fees "as provided by court rule." Because the superior court found that Duvall's action was not frivolous and because Rule 82 is a "court rule" providing for awards of attorney's fees, the superior court could apply this rule to award PRA attorney's fees.

We are persuaded, however, by Duvall's argument that she was not put on notice to raise Rule 82 arguments, including Rule 82(b)(3) mitigating factors. And the superior court's reference to arguments PRA did not make suggests at least an abuse of discretion warranting remand.[14] If the superior court invokes Rule 82 as the basis for an award under AS 45.50.537, the parties must have an opportunity to brief the issue.

Duvall also asserts that over $15,000 of the roughly $77,000 in actual fees that the superior court determined PRA incurred arose from other cases PRA was litigating. Duvall contends that the court erroneously "included these billing entries in its determination of PRA's 'actual fees,' without providing any explanation for doing so." Duvall is correct that, aside from roughly $750 the court determined was erroneously included in PRA's billing, the court summarily found that "PRA incurred a total of $77,148.50 in reasonable, actual legal fees" without addressing her allegations that some billings pertained to other cases. She accurately points to *Tenala, Ltd. v. Fowler* as an example of a court abusing its discretion when awarding fees in one

---

**14** *See Rhodes v. Erion*, 189 P.3d 1051, 1053 (Alaska 2008) (stating abuse of discretion standard for reviewing attorney's fees awards); *see also Limeres v. Limeres*, 367 P.3d 683, 692 (Alaska 2016) (remanding attorney's fees issue when superior court granted Rule 82 fee award without giving opposing party opportunity to respond).

proceeding that related to a separate proceeding.[15]  Duvall also notes that our usual "reluctan[ce] to overturn fees awards when the trial court has adequately explained its decision[] and has obviously given careful scrutiny to the parties' submissions"[16] would not apply because the court's order did not address challenged entries.[17]

PRA's response emphasizes that attorney's fees are reviewed for abuse of discretion and suggests that Duvall is asking us to improperly conduct "a line-item review of the substance of PRA's billing entries."  Although conceding that the superior court "did not expressly reject Duvall's argument[s]" regarding the challenged entries, PRA points to the court's responses to several of Duvall's other challenges as supporting such an inference.  But PRA avoids affirming or denying the billing's accuracy.[18]  PRA also points to *Anderson v. State, Department of Administration, Division of Motor Vehicles* for the rule that "awards of attorney's fees made pursuant to the schedule set out in Rule 82 are presumptively correct, and the superior court need

---

**15**     *See* 993 P.2d 447, 452 (Alaska 1999) ("[W]e conclude that it was an abuse of discretion to award attorney's fees for services relating to [another case] and estate work that was not related to the quiet title action against Tenala.").

**16**     *See Magill v. Nelbro Packing Co.*, 43 P.3d 140, 144 (Alaska 2001).

**17**     "Whether there are sufficient findings for informed appellate review is a question of law" which we review de novo.  *Horne v. Touhakis*, 356 P.3d 280, 282 (Alaska 2015) (quoting *Hooper v. Hooper*, 188 P.3d 681, 685 (Alaska 2008)).

**18**     PRA addressed this issue in a similar fashion when it responded to Duvall's opposition to the attorney's fees award before the superior court.  Rather than specifically asserting that any challenged billing entries were accurate, it broadly asserted that reviewing other court's rulings was "relevant and billable."

not make any findings in support of the award."[19] PRA concludes by asking that if we determine there was an abuse of discretion, we not reverse the full award but "reduce the overall fee amount by the [roughly $15,300] to which Duvall objects and remand with instructions for the [s]uperior [c]ourt to enter an amended award" under Rule 82(b)(2).

Despite the discretionary standard of review and presumption that attorney's fees awards are correct, Duvall's arguments are more persuasive. She opposed PRA's attorney's fees motion by pointing out that some fees appeared to stem from other cases. PRA acknowledged in response, to some extent, that Duvall's concerns about improperly billing for other cases were reasonable, and it conceded that it was willing to strike these entries "because it [was] not readily apparent from the face of each entry identified by Duvall the nature of the analysis or whether the time was incurred in pursuit of some aspect of this case." Yet the superior court failed to acknowledge Duvall's arguments on these entries or PRA's concession that the entries reasonably could be omitted from the actual fee calculation, suggesting the court may have overlooked this issue.

Because the superior court made no findings about whether the requested fees accurately reflected work for these proceedings, meaningful appellate review is

---

[19]      440 P.3d 217, 223 (Alaska 2019) (quoting *Greene v. Tinker*, 332 P.3d 21, 41 (Alaska 2014)). *Anderson* and *Greene* are distinguishable from this case. The party opposing attorney's fees in *Anderson* had not opposed the award before the superior court, and we thus reviewed for plain error whether the court had used the appropriate *fee schedule*. 440 P.3d at 223. Similarly, the party opposing the award in *Greene* was not challenging billing entries, instead challenging the superior court's decision not to vary the award under Rule 82(b)(3). 332 P.3d at 41.

infeasible.[20] The party opposing the attorney's fees award in *Tenala* had "listed over fifty specific items . . . that [the party] argued were not properly included as fees," including that they applied to other cases, yet the superior court granted the award without addressing the specific discrepancies.[21] We concluded that the superior court abused its discretion by awarding fees pertaining to other proceedings.[22] As we did in *Tenala*, we hold that the superior court abused its discretion by awarding PRA attorney's fees allegedly pertaining to other cases without engaging in fact finding on the issue.[23] On remand the superior court should resolve the disputes over the challenged billing entries. "If the billings are not reasonably related to the litigation in this case . . . they should be excluded from the services on which the attorney's fees award is based."[24]

## III.  CONCLUSION

We VACATE the attorney's fees award and REMAND for the superior court to direct PRA to file a supplemental motion for attorney's fees under Rule 82, to allow Duvall the opportunity to oppose that motion, and to issue a new decision making salient factual findings and legal conclusions on the issues the parties raised.

---

[20]     *See Zeilinger v. SOHIO Alaska Petrol. Co.*, 823 P.2d 653, 658-59 (Alaska 1992) (remanding attorney's fees award when fees seemed unreasonable and superior court gave no explanation for award); *cf. Horne*, 356 P.3d at 284 ("[T]he lack of specific findings in the . . . order prevents us from determining whether the superior court's imputed income determination was clearly erroneous, and we must vacate the order and remand for additional findings . . . .").

[21]     993 P.2d 447, 449, 452 (Alaska 1999).

[22]     *See id.*

[23]     *See id.*

[24]     *Id.*