NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| CYNTHIA M. HORA, | ) | |
| | ) | Supreme Court No. S-13991 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-96-06374 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| JOHN W. SMITH, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1401 – December 7, 2011 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Stephanie E. Joannides, Judge.

Appearances: Cynthia M. Hora, pro se, Woodridge, Illinois, Appellant. John W. Smith, pro se, Anchorage, Appellee.

Before: Fabe, Winfree, Christen, and Stowers, Justices. (Carpeneti, Chief Justice not participating.)

I.      INTRODUCTION

In 2006, former spouses brought claims against each other over reimbursement of their children's medical expenses. The superior court granted the ex-wife her claimed reimbursements and denied the ex-husband most of his. In 2010 the ex-wife filed a motion seeking additional reimbursements, and the ex-husband responded by asking for the same reimbursements he claimed in 2006, based on the same evidence. The superior court granted the ex-wife all of her reimbursements, and also granted the

---

\*      Entered pursuant to Appellate Rule 214.

ex-husband his requested reimbursements, despite the fact that the same reimbursements had been denied in 2007. The ex-wife appeals, claiming the doctrine of law of the case barred the ex-husband's 2010 claim for reimbursement. Because the 2007 decision was final, res judicata applies to bar the ex-husband's 2010 claim. We reverse the 2010 order and remand for recalculation of the ex-wife's damages.

## II.    FACTS AND PROCEEDINGS

Cynthia Hora and John Smith were married in 1983. They adopted two children during the marriage. The parties divorced in 1997 and executed a Child Custody Agreement approved by the superior court. That Agreement provides, in relevant part:

> **INSURANCE**
> The parties agree that they will each enroll the children as beneficiaries on any group health insurance policy available at a reasonable cost through their respective employers. Each party shall promptly submit claims for insurance reimbursement and cooperate with the other on coordination of benefits. A party who receives reimbursement for expenses paid by the other shall remit that payment to the other party within seven (7) days of receipt. The parties shall share equally the costs of medical expenses not covered by insurance . . . .

The parties each incurred medical expenses on behalf of their children, submitted the bills to their insurance companies, and sought reimbursement for half of the uncovered portion of the expenses. It appears that the parties eventually adopted the practice of having Hora submit claims to the insurers. Hora testified that around 2003, Smith stopped providing her with copies of bills, explanations of benefits (EOBs),[1] and

---

[1]    An EOB is a document prepared by an insurer for the insured after a claim is submitted. The EOB explains: (1) the provider's charge; (2) the amount covered by insurance; and (3) the amount the insured is responsible for paying. *See, e.g.*, NEW
(continued...)

reimbursements that he received from insurers. In June 2006 Smith provided Hora with some, but not all, of the receipts and EOBs he had received for the children's appointments between 2003 and mid-2006. (The EOBs were for appointments Hora had paid for and submitted to Smith's insurance company between 2003 and 2006. The receipts were for appointments Smith had paid for between 2003 and 2006.)

In August 2006, Smith filed a motion for the resolution and disposition of his unreimbursed medical costs. He claimed that he had incurred $2,780 in unreimbursed medical costs between 2003 and 2006, and argued that Hora should reimburse him. Hora responded by filing a motion for reimbursement based on the EOBs from 2006. She argued that the EOBs Smith gave her in June were incomplete or did not provide sufficient information for her to determine how much was actually paid by insurance. The superior court referred the matter to Master Brown.

Master Brown conducted hearings in late 2006 and early 2007, and issued his report in early 2007. Master Brown found that Smith owed Hora $1,308.29 in reimbursement. Master Brown also observed that Smith submitted receipts for $2,780, but did not attach "any proof as to his having submitted to any insurance company reimbursement claims for the $2,780.00." The Master's Report noted that "[a]ny objections to this Master's Report must be filed under Civil Rule 53 within ten days after its mailing."

The superior court approved the Master's Report, in part, and entered judgment against Smith. The order stated "[t]his judgment is determinative as to any and all claims pertaining to . . . Mr. Smith's claims" for $2,780. The court explained:

> Since Ms. Hora was submitting the checks to the [insurance companies], Mr. Smith has raised an objection regarding

[1](...continued)
YORK STATE DEPARTMENT OF FINANCIAL SERVICES, http://www.dfs.ny.gov/website1/inshelp/c_eob.htm (last visited Dec. 1, 2011).

$2780.00 for which he claims he paid but Ms. Hora was partially reimbursed. Unfortunately, the court is unable to determine from the EOBs to whom the reimbursement checks were issued. If Mr. Smith can provide that [evidence] to the court, then that issue will be resolved. The court will not take additional information after 8/25/07.

Smith did not file additional evidence, make a motion to reconsider, or appeal the judgment.

After obtaining explanations for a number of claims she paid between 2003 and 2007, Hora filed a second motion for reimbursement on July 21, 2009. The superior court referred the matter to Master Lack for a hearing. Smith once again sought reimbursement for the $2,780 in payments he made between 2003 and 2006, noting that "[t]hese medical expenses have been previously documented to the court in the form of receipts attached to [the] August 2006 affidavit." As he had failed to do at the first hearing, Smith did not provide evidence that he submitted these receipts to the insurance company for reimbursement; indeed, the evidence he submitted in 2009 was identical to the evidence he filed in 2006. Hora opposed reimbursement of the receipts submitted by Smith, arguing that the claims had been previously submitted, that the court ruled on the request for reimbursement, and that its ruling should not be reconsidered.

Master Lack issued his report on July 2, 2010. The report observed that Hora claimed reimbursements from Smith for $3,128.17 and that Smith sought reimbursement from Hora for $1,390 (half of $2,780). The report concluded: "A review of the Master's Report issued by Master Brown and approved by [the superior court] on February 21, 2007, appears to support [Hora's] argument that [Smith's claimed] expenses were already before the court and ruled upon. As such, the court should deny

Mr. Smith's request for reimbursement." The Master recommended the superior court order Smith to pay $3,128.17 to Hora.[2]

The superior court adopted an amended version of the Master's recommendation in August 2010. The court increased the amount of reimbursement owed to Hora from $3,128.17 to $3,582.88 based on Hora's objection that Master Lack overlooked one of her claims for reimbursement. The court also modified the proposed order to read:

> A review of the Master's report issued by Master Brown and approved by [the superior court] on February 21, 2007, appears to support Ms. Hora's argument that these expenses were not supported by sufficient evidence at the prior hearing. Notwithstanding this deficiency [and] in light of the court's consideration of expenses from that same time period, Mr. Smith should be reimbursed.

The superior court offset Hora's reimbursement of $3,582.88 by $1,390, resulting in a total reimbursement to Hora of $2,129.88.

Hora appeals on three grounds. She argues: (1) the superior court abused its discretion in not applying law of the case; (2) the superior court erred in double counting an award of $370 to Smith; and (3) the superior court erred in awarding Smith the reimbursement despite his deficient evidence.

---

[2] Hora testified that none of the reimbursements she sought in 2010 were before the court in 2006-07. But our review of the record shows that Hora did re-submit two expenses previously submitted with the 2006 motion, an August 30, 2005 bill from Dr. Schlansker for $196 (of which $44 was uncovered), and a September 18, 2006 pharmacy bill for $8 (uncovered). On remand, the court should adjust its order to avoid double recovery on these two reimbursements.

## III.  STANDARD OF REVIEW

"Whether res judicata prevents a plaintiff from bringing an action presents a question of law that we review de novo."[3]

## IV.  DISCUSSION

Hora argues that Smith's claim should be denied because the law of the case bars Smith's claim.  We agree that Smith's claim is barred, but it is the doctrine of res judicata that applies to bar Smith's request for reimbursement, not the law of the case doctrine.

The difference between res judicata and the doctrine of law of the case has been summarized as follows:  "As distinguished from [res judicata], the doctrine of the law of the case addresses the potentially preclusive effect of judicial determinations made in the course of a single litigation *before a final judgment*."[4]  This court has explained that res judicata bars a subsequent action when a judgment in a prior action was:  (1) *a final judgment on the merits*; (2) from a court of competent jurisdiction; (3) in a dispute between the same parties about the same cause of action.[5]

We have defined a "final judgment" for res judicata purposes as:

> [A]ny prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect. . . . Factors considered in determining finality are that the parties were fully heard, that the court supported its

---

[3]   *Alaska Wildlife Alliance v. State*, 74 P.3d 201, 205 (Alaska 2003) (citing *Dixon v. Pouncy*, 979 P.2d 520, 523 (Alaska 1999)).

[4]   20 AM. JUR. 2D *Courts* § 130 (2005) (emphasis added).

[5]   *Alaska Wildlife Alliance*, 74 P.3d at 205 (emphasis added) (internal quotations and citations omitted).

decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal.[6]

The Master's Report from 2007 recommended a judgment be entered that would be "determinative as to any and all claims pertaining to . . . Ms. Hora's claims specified [in the Report] and Mr. Smith's claims [for $2,780]." The superior court adopted the Master's recommendation and entered a judgment in favor of Hora. The superior court did rule that "if Mr. Smith can provide [evidence reimbursement checks were sent to Hora], then that issue will be resolved." But it also specified that the court would not take additional evidence after August 25, 2007. Smith never provided any additional information. The superior court's order was a final, determinative judgment regarding Smith's claim for $2,780.

Because a final judgment was entered on Smith's claim in 2007, because there is no dispute that the superior court was a court of competent jurisdiction, and because Smith's 2010 claim for reimbursement was between the same parties (Hora and Smith) and concerned the same cause of action (the $2,780 in expenses incurred between 2003-2006), res judicata barred the superior court from considering Smith's claims at the 2010 hearing.[7] As such, Hora is entitled to reimbursement for her expenses, without any offset.

## V.     CONCLUSION

We REVERSE the order offsetting Smith's claim against Hora's recovery, and REMAND for calculation of Hora's claim without offset.

---

[6]     *Usibelli Coal Mine, Inc. v. State, Dep't of Natural Res.*, 921 P.2d 1134, 1142 (Alaska 1996) (internal citations and quotation marks omitted).

[7]     Because we hold that res judicata applies and reverse Smith's entire reimbursement award, we need not reach Hora's argument that the trial court erred by double-counting a $370 award to Smith.